# U.S. District Court
# Eastern District of Virginia – (Alexandria)
# CRIMINAL DOCKET FOR CASE #: <u>1:17–sw–00014–TCB</u>–1

Case title: USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD,
VA 22153

Date Filed: 01/19/2017
Date Terminated: 02/13/2017

Assigned to: Magistrate Judge Theresa Carroll
Buchanan

### Defendant (1)

**8105 CREEKVIEW DRIVE SPRINGFIELD,
VA 22153**
*TERMINATED: 02/13/2017*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

### Interested Party

**Paul A. Boyne**
*TERMINATED: 02/13/2017*

represented by **Paul A. Boyne**
8105 Creekview Drive
Springfield, VA 22153
PRO SE

### Plaintiff

**USA**

represented by **Jennifer A. Singer**
US Attorney's Office (Alexandria–NA)

2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
703−299−3700
Email: Jennifer.A.Singer2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Jonathan Fahey**
US Attorney's Office (Alexandria−NA)
2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
(703)299−3700
Email: jonathan.fahey@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/18/2017 | 1 | | UNDER SEAL Application and Affidavit for a Search Warrant as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (lcre) (Entered: 01/19/2017) |
| 01/18/2017 | 2 | | Search Warrant Issued in case as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (lcre, ) Modified on 1/19/2017 (lcre, ). (Entered: 01/19/2017) |
| 01/18/2017 | 3 | 8 | MOTION to Seal Search Warrant Pursuant to Local Rule 49 (B) by USA as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (lcre, ) (Entered: 01/19/2017) |
| 01/18/2017 | 4 | 13 | ORDER granting 3 Motion to Seal as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1). Signed by Magistrate Judge Theresa Carroll Buchanan on 1/18/2017. (lcre, ) (Entered: 01/19/2017) |
| 02/06/2017 | 5 | 14 | MOTION to Unseal Case by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/06/2017) |
| 02/06/2017 | 6 | 15 | BRIEF in Support by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 in re 5 MOTION to Unseal Case (jlan) (Entered: 02/06/2017) |
| 02/06/2017 | 7 | 17 | MOTION for Return of Property by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/06/2017) |
| 02/06/2017 | 8 | 18 | BRIEF in Support by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 in re 7 MOTION for Return of Property/PreTrial (jlan) (Entered: 02/06/2017) |
| 02/06/2017 | 9 | 20 | NOTICE OF HEARING as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (jlan) (Entered: 02/06/2017) |
| 02/06/2017 | 10 | 21 | Letter to the court by Paul A. Boyne (jlan) (Entered: 02/06/2017) |

| 02/07/2017 | 11 | 26 | Search Warrant Returned Executed on 1/19/17 as to 8105 CREEK VIEW DRIVE SPRINGFIELD, VA 22153 (krob, ) (krob, ). (Entered: 02/08/2017) |
|---|---|---|---|
| 02/10/2017 | 12 | 35 | Response to 7 MOTION for Return of Property by USA as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/14/2017) |
| 02/10/2017 | 13 | 43 | RESPONSE to Motion by USA as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 re 5 MOTION to Unseal Case (jlan) (Entered: 02/14/2017) |
| 02/13/2017 | 14 | 45 | ORDER granting 5 Motion to Unseal Case as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1); denying 7 Motion for Return of Property as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1) (See order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 02/13/2017. (c/s to Interested Party) (jlan) (Entered: 02/14/2017) |
| 02/13/2017 | 15 | 46 | Redacted version of Application and Affidavit for a Search Warrant as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/14/2017) |
| 02/21/2017 | 16 | 90 | MOTION for court to issue subpoena by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (krob, ) (Entered: 02/21/2017) |
| 02/21/2017 | 17 | 92 | BRIEF in Support by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 re 16 MOTION for court to issue subpoena (krob, ) (Entered: 02/21/2017) |
| 02/21/2017 | 18 | 93 | MOTION for Return of Property/PreTrial by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (krob, ) (Entered: 02/21/2017) |
| 02/21/2017 | 19 | 95 | BRIEF in Support by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 re 18 MOTION for Return of Property/PreTrial (krob, ) (Entered: 02/21/2017) |
| 02/21/2017 | 20 | 97 | NOTICE OF HEARING ON MOTION in case as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 16 MOTION for court to issue subpoena, 18 MOTION for Return of Property/PreTrial : Motion Hearing set for 2/24/2017 at 09:00 AM in Alexandria Courtroom 500 before Magistrate Judge Theresa Carroll Buchanan. (krob, ) (Entered: 02/21/2017) |
| 02/21/2017 | | 99 | Per TCB chambers motions set for 2/24/17 on the pleadings (clar, ) (Entered: 02/21/2017) |
| 02/21/2017 | | 100 | Deadlines terminated – Per TCB chambers motions set for 2/24/17 on the pleadings (clar, ) (Entered: 02/21/2017) |
| 02/21/2017 | 21 | 101 | ORDER – it is hereby ORDERED that case number 9E–NH–7274619 is not within this Court jurisdiction therefore, motion for Court Issued Subpoena Rule 17 (Doc. 16) is DENIED. It is further ORDERED that for the same reason as stated in Order (Doc. 14) dated February 13, 2017 entered by the undersigned, the Motion for Return of Property per Rule 41(g)(2) (Doc. 18) is DENIED. Signed by Magistrate Judge Theresa Carroll Buchanan on 2/21/17. (gwalk, ) copy sent to filer (Entered: 02/21/2017) |
| 02/28/2017 | 22 | 102 | |

| | | | |
|---|---|---|---|
| | | | MOTION for Return of Property by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/28/2017) |
| 02/28/2017 | 23 | 105 | MOTION for Clarification by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 02/28/2017) |
| 03/01/2017 | 24 | 108 | Request for Court Copy of Property Receipt by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 03/02/2017) |
| 03/06/2017 | 25 | 118 | ORDER denying 22 Motion for Return of Property; denying 23 Motion for Clarification; granting in part and denying in part 24 Motion Request for Court Copy of Property Receipt (See order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 03/06/2017. (copy of order mailed to filing party) (jlan) (Entered: 03/06/2017) |
| 03/10/2017 | 27 | 122 | MOTION for Return of Property by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 03/15/2017) |
| 03/13/2017 | 26 | 120 | NOTICE of Inquiry filed by Paul Boyne, (jlan) (Entered: 03/14/2017) |
| 04/07/2017 | 28 | 125 | Opposition by USA as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 re 27 MOTION for Return of Property/PreTrial (Attachments: # 1 Proposed Order)(Singer, Jennifer) (Entered: 04/07/2017) |
| 04/10/2017 | 29 | 132 | CERTIFICATE of Service re 28 Opposition (Singer, Jennifer) (Entered: 04/10/2017) |
| 04/10/2017 | 30 | 133 | ORDER denying 27 Motion for Return of Property as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1) (see order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 04/10/2017. (c/s to filer) (jlan) (Entered: 04/10/2017) |
| 04/12/2017 | 31 | 134 | MOTION for Return of Property by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 04/13/2017) |
| 04/14/2017 | 32 | 137 | MOTION to Vacate by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 04/14/2017) |
| 04/17/2017 | 33 | 139 | MOTION for Clarification by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 04/18/2017) |
| 04/18/2017 | 34 | 145 | MOTION to Vacate II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 04/18/2017) |
| 04/27/2017 | 35 | 151 | RESPONSE to Motion by USA as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 re 31 MOTION for Return of Property/PreTrial, 33 MOTION for Clarification, 34 MOTION to Vacate, 32 MOTION to Vacate (Singer, Jennifer) (Entered: 04/27/2017) |
| 04/27/2017 | 36 | 154 | ORDERED that the 31 Motion for Return of Property is GRANTED. Further, this is hereby ORDERED that movant's remaining pending motions, 32 Motion to Vacate, 33 Motion for Clarification, and 34 Motion to Vacate II are DENIED as moot. Signed by Magistrate Judge Theresa Carroll Buchanan on 04/27/2017. (c/s to Filer) (jlan) (Entered: 04/27/2017) |
| 05/03/2017 | 37 | 155 | MOTION for Destruction by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |

| 05/03/2017 | 38 | 159 | MOTION for Clarification & Displacement by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |
|---|---|---|---|
| 05/04/2017 | 39 | 162 | MOTION to Compel by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |
| 05/04/2017 | 40 | 164 | MOTION for Contempt by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |
| 05/04/2017 | 41 | 166 | MOTION to Recuse by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |
| 05/04/2017 | 42 | 168 | MOTION for Disclosure by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/04/2017) |
| 05/05/2017 | 43 | 171 | ORDERED that since movant Paul Boyne regularly travels to this courthouse to file pleadings, he may pick up his property from the FBI on Tuesday, May 9, 2017 at 12:00 p.m. in the lobby of the US Attorney's office at 2100 Jamieson Avenue, Alexandria, VA 22314. Further, it is hereby ORDERED that movant's remaining pending motions. Motion to Destruction (Dkt. 37), Motion for Clarification and Displacement (Dkt. 38), Motion to Compel (Dkt. 39), Motion for Contempt (Doc. 40), Motion to Recuse (Doc. 41), and Motion for Disclosure (Doc. 42)are DENIED as moot as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1). Signed by Magistrate Judge Theresa Carroll Buchanan on 05/05/2017. (c/s to filing party) (jlan) (Entered: 05/05/2017) |
| 05/08/2017 | 44 | 172 | MOTION to Vacate III by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 45 | 173 | MOTION for Inquiry by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 46 | 174 | MOTION for Destruction II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 47 | 177 | MOTION to Recuse II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 48 | 179 | MOTION for Clarification & Displacement II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 49 | 181 | MOTION for Clarification of Rule 41(g) by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 50 | 184 | MOTION for Disclosure II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 51 | 186 | MOTION for Clarification III by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/08/2017 | 52 | 188 | MOTION to Vacate IV by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/08/2017) |
| 05/09/2017 | 53 | 191 | MOTION for Disclosure by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/09/2017) |
| 05/09/2017 | 54 | 194 | |

| | | | |
|---|---|---|---|
| | | | MOTION to Recuse by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/09/2017) |
| 05/11/2017 | 55 | 196 | ORDERED that the seized items will be shipped back to movant. Further, as this matter will now be closed, all pending motions are DENIED as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (1) (see order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 05/11/2017. (c/s to Filing party) (jlan) (Entered: 05/11/2017) |
| 05/18/2017 | 56 | 197 | MOTION to Vacate V by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/18/2017) |
| 05/26/2017 | 57 | 199 | MOTION to Compel II by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 05/26/2017) |
| 07/17/2017 | 58 | 202 | MOTION for Admission by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (lcre, ) (Entered: 07/18/2017) |
| 07/25/2017 | 59 | 205 | MOTION for Sanctions by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 07/25/2017) |
| 08/24/2017 | 61 | 211 | MOTION for Copies by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (Attachments: # 1 Envelope)(jlan) (Entered: 08/25/2017) |
| 08/24/2017 | 62 | 215 | MOTION for clarification by Paul A. Boyne as to 8105 CREEKVIEW DRIVE, SPRINGFIELD, VA 22153. (jlan) (Entered: 08/25/2017) |
| 08/29/2017 | 65 | 220 | ORDERED that as to the Motion for Copies (Doc. 61) and Motion to Compel II (Doc. 57), petitioner must file an administrative claim with the appropriate government agency in order to obtain civil relief. As to the remaining motions, since this case is closed, the petitioner must file an appeal with the United States Court of Appeals for the Fourth Circuit. Therefore, the Motion to Vacate V (Doc. 56), Motion for Sanctions (Doc. 59), Motion for Clarification (Doc. 62), Motion for Copies (Doc. 61), Motion to Compel II (Doc. 57), and Motion for Admission (Doc. 58) are DENIED. Signed by Magistrate Judge Theresa Carroll Buchanan on 08/29/2017. (c/s to Petitioner) (jlan) (Entered: 08/29/2017) |
| 09/14/2017 | 68 | 222 | MOTION for Copies III by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 09/19/2017) |
| 09/14/2017 | 69 | | Sealed Document in re 68 MOTION for Copies III filed by Paul A. Boyne (jlan) (Entered: 09/19/2017) |
| 09/19/2017 | 70 | 225 | ORDER denying 68 Motion for Copies III (see order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 09/18/2017. (c/s to parties) (jlan) (Entered: 09/19/2017) |
| 09/25/2017 | 71 | 227 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Paul Boyne in re 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 (jlan) (Entered: 09/25/2017) |
| 09/25/2017 | 72 | 232 | MOTION for Clarification by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 09/25/2017) |
| 09/25/2017 | 73 | 233 | MOTION to Unseal by Paul A. Boyne as to 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153. (jlan) (Entered: 09/25/2017) |

| 09/25/2017 | | 234 | Magistrate Appeal will be heard under case number 1:17–CR–00219. (jlan) (Entered: 09/25/2017) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

JAN 18

**Alexandria Division**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 | Case No. 1:17SW14 <br><br> **Filed Under Seal** |

## GOVERNMENT'S MOTION TO SEAL SEARCH WARRANT PURSUANT TO LOCAL RULE 49(B)

Upon the return of its executed search warrant,[1] the United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, now asks for an Order to Seal the search warrant, application for the search warrant and the affidavit in support of the search warrant, together with this Motion to Seal and proposed Order, until the United States makes a motion to unseal the search warrant and affidavit.

**I.   REASONS FOR SEALING** (*See* Local Rule 49(B)(1))

1.   At the present time, the Federal Bureau of Investigation is conducting an investigation into a violation of 18 U.S.C. §2261A (Cyberstalking) and 18 U.S.C. §875(c) (Interstate Communication of a Threat).

2.   Premature disclosure of the specific details of this ongoing investigation (as reflected, for example, in the affidavit in support of search warrant) would jeopardize the

---

[1] Pursuant to Local Rule 49(B), "[n]o separate motion to seal is necessary to seal a search warrant from the time of issuance to the time the executed warrant is returned." This is because, as Rule 49(B) additionally mandates, "[u]ntil an executed search warrant is returned, search warrants and related papers are not filed with the Clerk."

investigation, including the ability of the United States to locate and arrest the subject of the investigation, and may lead to the destruction of additional evidence in other locations. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. THE GOVERNING LAW (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Wash. Post Co. v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). That is, "the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Media Gen. Operations*, 417 F.3d at 429 (citations omitted); *see also In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."). Sealing search warrants and their accompanying affidavits and application is within the discretionary powers of a judicial officer where, among other things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and apparent from the affidavits that any disclosure of the information there would hamper' th[e] ongoing investigation." *Media Gen. Operations*, 417 F.3d at 430 (citations omitted); *see also In re Eye Care Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996).

2

5.    Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6.    However, regarding the notice requirement in the specific context of a search warrant, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429.  "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.*; *see also Franks v. Delaware*, 438 U.S. 154, 169 (1978). Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Media Gen. Operations*, 417 F.3d at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.")

7.    As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media Gen. Operations*, 417 F.3d at 429 (quoting

3

*Goetz*, 886 F.2d at 66).

8.      Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

## III.     PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (*See* Local Rule 49(B)(3))

9.      Pursuant to Local Rule 49(B)(3), the search warrant and the affidavit will remain sealed until the need to maintain the confidentiality of the search warrant application and the related investigation expires, after which time the United States will move to unseal the search warrant and affidavit.

4

WHEREFORE, the United States respectfully requests that the search warrant, application for search warrant, affidavit in support of the search warrant, and this Motion to Seal and proposed Order be sealed until further Order of the Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated: January 18, 2017                 By: Jennifer Singer
Jennifer Singer
Special Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3759
Jennifer.A.Singer2@usdoj.gov

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

JAN 18

### Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 | Case No. 1:17SW/ 4 <br><br> **Filed Under Seal** |

## ORDER TO SEAL

The United States, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S.

District Court for the Eastern District of Virginia, having moved to seal the search warrant, the

application for search warrant, the affidavit in support of the search warrant, the Motion to Seal,

and proposed Order in this matter; and

The Court, having considered the Government's submissions, including the facts

presented by the Government to justify sealing; having found that revealing the material sought

to be sealed would jeopardize an ongoing criminal investigation; having considered the available

alternatives that are less drastic than sealing, and finding none would suffice to protect the

Government's legitimate interest in concluding the investigation; and having found that this

legitimate Government interest outweighs at this time any interest in the disclosure of the

material; it is hereby

ORDERED, ADJUDGED, and DECREED that, the search warrant, application for

search warrant, affidavit in support of the search warrant, Motion to Seal, and this Order be

sealed until further Order of the Court.

/s/

Theresa Carroll Buchanan
United States Magistrate Judge

Date: 1/18/17
Alexandria, Virginia

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division      2017 FEB -6  P 2: 38

CLERK US DISTRICT COURT

PAUL A. BOYNE                    Case No.  1:17SW14 Under Seal

    v.

UNITED STATES OF AMERICA

## **MOTION TO UNSEAL**

The undersigned moves to unseal this case to allow public scrutiny of what is
suspected to be malfeasance of state actors abusing the federal criminal justice
system to affect judicial retaliation from the state level, in deprivation of rights
under 18 USC §241.

Based on public statements made by FBI Special Agents under the direction of
Special Agent Richard Stallings on 19 January, an FBI raid executing a search
warrant on probable cause for 18 USC §875(c) and 18 USC §2261A, the purpose
was really based on an unqualified concern for 'escalating memes'.  As members of
the Connecticut State General Assembly have voiced public concern of judicial
retaliation by judges of the Family Court, the public has cause to examine the file
that caused a raid on 'memes'.

The federal activity is in direct opposition to findings of *U.S. v Cassidy, 814 F.Supp.2d
574 (2011)*.  Parody 'tweets' on Twitter in political criticism of public figures in
public forums are protected under the First Amendment, even under pseudonyms.
There is no criminal 'escalation' metric buried in the First.  The public can only
suspect federal misconduct is afoot.

Wherefore, the aforementioned presented, the file must be unsealed so the public
and elected representatives of Connecticut can scrutinize the misconduct at hand.

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division                2017 FEB -6   P 2: 38

CLERK US DISTRICT COURT

PAUL A. BOYNE                    Case No.  1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

## **BRIEF TO IN SUPPORT OF MOTION TO UNSEAL**

In the public interest, the court is asked to unseal this matter in exercise of public scrutiny rights contained in the First Amendment.  The public has voiced, through elected officials in the State of Connecticut, a grave concern for judicial retaliation by judges of the Superior Court, Family Division.  The news of this federal action of concern over 'escalating memes' did shock the conscious of members of the public and elected representatives alike.  There is public and private suspicion that criminal conduct under 18 USC §241 was involved in obtaining a search & seizure warrant to silence public criticism of a public figure in a public forum.  The federal court did unwittingly participate in such criminal activity which was nothing more than misconduct of state and federal actors using governmental police action to silence political criticism of controversial public figures.

The First Amendment does not hold a graduated scale for criticism, sarcasm, political wit or other qualitative descriptors of speech.  The application for search warrant did not specify nor give examples of any proscribed speech.  The application was in direct opposition to U.S. v Cassidy, 814 F.Supp.2d 574.  Vague references to Twitter accounts, pseudonyms, various email addresses that may be associated with protected speech does not create probable cause of a

crime.  Cassidy established that 18 USC §2261A is unconstitutional in application to 'tweets'.  It is obvious from the conduct of the federal agents that the purpose of the visit was to harass and intimidate a person.  It was also obvious that the interrogation of the targeted person was to make a *mens rea* determination.  However, the interrogation only revealed existence of federal deprivation of rights matters under color of state law by the alleged 'victim'.  In view of this revelation, there is cause to believe that the alleged criminal investigation is tainted with a plethora of civil rights violations.  It is of grave import that the public and the Connecticut State Legislature be allowed to scrutinize this case as it smells of criminal conduct and judicial retaliation against public criticism.  A letter of similar discussion previously sent to the issuing judge is attached for reference.

As this matter is simply governmental misconduct in view of the First Amendment, the public is entitled to scrutinize the level of misconduct and criminal activity involved, hiding it behind a seal of no purpose is just utter tyranny.

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 FEB -6  P 2: 38

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

   v.

UNITED STATES OF AMERICA

Case No.  1:17SW14-Under Seal

## __MOTION FOR RETURN OF PROPERTY PER RULE 41(g)__

The undersigned moves by Rule 41(g) for the return of all physical property seized by FBI Special Agent Richard Stallings and his team on 19 January at the residence known as 8105 Creekview Drive, Springfield, VA 22153.  The undersigned is aggrieved by unlawful search and seizure of such property as the warrant issued by Judge Buchanan on 18 January relied of false information and misrepresentations by federal employees.  Additionally, the undersigned is aggrieved by deprivation of his property that is unrelated to the warrant.  The government was seeking data and records, for which there is no need to take the entire computer.  Keyboards, batteries, screens and power plugs do not contain data.  Physical hardware is not evidence of a crime.  The government has the ability to copy storage media and does not need physical possession of hardware.

Evidence of factual matters is contained in case law of *U.S. v. Baker, 890 F.Supp. 1375 (1995); U.S. v Cassidy, 814 F.Supp.2d 574 (2011); U.S. v. Valle, 807 F.3d 508 (2015)* and *Elonis v U.S., 135 S.Ct. 2001 (2015)*.  A simple summary of federal misconduct in obtaining the warrant is provided in the attached letter previously sent to the court.  Computer equipment to affect freedom of expression, protected by the First Amendment in political criticism of public figures in public forums is not evidence of crime.  The only crime at hand is by federal and likely state actors under 18 USC §241, deprivation of rights as related to the Fourth Amendment.

Wherefore, the aforementioned presented, the court is moved to immediately order the return of all physical property seized as it has no relation to any criminal conduct or criminal proceeding.

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 FEB -6  P 2: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE                          Case No.  1:17SW14 Under Seal

           v.

UNITED STATES OF AMERICA

_____

## **BRIEF IN SUPPORT OF MOTION TO RETURN PROPERTY**

The government has demonstrated no necessity of criminal investigation to hold computer

hardware or even a paper notebook to affect its investigation.  The government has the means

and did make copies of certain electronic devices during its execution of its search warrant.  The

purpose of taking two laptop computers, seven flash drives, three camera cards, an external hard

drive and one paper notebook is merely designed to harass.  The government made four images

of other phones, ipads, desktop and another laptop without seizure.  As the search and seizure

party went on for over six hours and did not extend beyond the normal federal workday, there

was ample time to make copies of even the paper notebook.  There is no substantive or

compelling reason to deprive the undersigned of property.  The undersigned relies on common

sense, due process and protections afforded by the First and Fourth Amendments to ask for the

return of his property.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 5 February 2017 ___ (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 FEB -6  P 2: 48

PAUL A. BOYNE

Case No. 1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

## **NOTICE OF HEARING**

Notice that the undersigned has filed Motion to Unseal and Motion For Return of
Property Per Rule 47(g).  Oral arguments for such on Friday, 10 February at
9:00am, or as soon thereafter as allowed.

Paul A. Boyne, Pro Se
8105 Creekview Drive
Springfield, VA 22153
571 318 0080
paboyne@gmail.com

30 January 2017
paboyne@gmail.com

Hon. Theresa C. Buchanan
U.S. Magistrate Judge
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Subject:  Federal Employee Misconduct / 1:17SW14

Dear Judge Buchanan,

It is my duty to inform you that two federal employees appeared in your court on
the 18th of January and did intentionally misrepresent matters causing you to
improperly issue a search warrant.  One of the federal actors is an attorney, who is
bound by rules of professional conduct before the bench.

Based on the warrant under your signature, it is obvious that the attorney
misrepresented 'tweets' as some sinister element of society, where Judge Roger
Titus has specifically ruled such to be protected speech in *U.S. v Cassidy, 814 F. Supp.
2d 574 (2011)*.  Sharp, nasty, sarcastic criticism of a public figure under color of
political and religious expression is simply protected speech, even under a
pseudonym.  I do not suspect that you were attempting to overturn *Cassidy*.  Judge
Titus found 18 USC §2261A(2) to be unconstitutional in application to the public
bulletin board known as Twitter.  He also affirmed use of pseudonyms back to
colonial days.  As judges hold duty to protect the rights of citizens, I sincerely doubt
you were aware of the deprivation of rights being played out before you.

Additionally, your court was flooded with hysteria over Facebook accounts.  It
appears you were not told that the fb account of public figure Elizabeth Bozzuto
was named "Iza Zuto" a pseudonym in violation of fb community rules.  Page
content was set for public viewing.  All images therein are the property of fb and in
the public domain.  Viewing and use of public information on fb, placed there by a
controversial public figure is hardly a concern for a federal court under the First

Amendment.  I sincerely doubt the federal employees told you this, yet they were well aware of it.

For the fb account titled "Liz Bozzo (Anti-Christ)" it was created as political and religious satire for public criticism of the public figure's conduct in a public forum. It contained a number of sarcastic and irreverent memes made under the color of political and religious speech about a public figure.  The page max'd out at 5,000 followers, which I am sure you were not told.  It was eventually suspended by fb for violation of community rules.  Pseudonyms are not allowed on fb.

As for more hysteria regarding email addresses, you were not told that the alleged 'victim' was receiving emails along with other public officials regarding misconduct and deprivation of rights relating to her public performance.  Contents of various emails were discussed by the alleged 'victim' in her court.  She stated from the bench that she was reading them.  She even made reference in one written decision, citing my emails and claiming I was a 'pervert'.  Another fact that you were not told.  Emails under my name or pseudonyms criticizing activity in a public forum copied to a wide range of public officials, journalists, senators, representatives, lay people, lawyers, law professors and other elected officials is protected under the First Amendment.  At no time were emails blocked from the state email system which she employed.

The political parody Twitter account under @nuttyjudge was quite an item.  It ran from June to December, suspended by Twitter for stepping outside the rules.  Some Bar members found it entertaining while others made it a headline in the August Connecticut Law Tribune; see article by Attorney Norm Pattis titled:   "Attack of the Sad Sack Scribbler".

Needless to say @nuttierjudge carried on the satiric political criticism of certain public officials in a public forum and remains online even after your FBI raid on the 19th. Judge Titus is very precise in addressing the unconstitutional application of §2261A(2), but you ignored it.

As for the claim under 18 USC §875(c), I cannot find an email that can rise to a level of criminal conduct or probable cause of such.  I am curious to the

authenticity of any email presented to you. All emails were clearly addressed to public officials on subjects of public scrutiny and legislative interest regarding application of law in a public forum. In view of *U.S. v Jake Baker, U.S. v. Gilberto Valle and U.S. v Anthony Elonis*, I am quite perplexed as to how you came to issue a search warrant in defiance of the First Amendment. I can only conclude that two federal employees had to withhold material information and misrepresent facts to you in violation of the Fourth Amendment.

As it is quite obvious that there was misconduct in your courtroom, I would be happy to appear before you to present facts that were withheld from you which caused a deprivation of rights under 42 USC §1983. Your court has a duty to remedy the matter under 42 USC §1986 and I would suggest that unsealing the case will help clear the air. If there was misconduct by the attorney, then your court has cause to address the matter formally.

In support of request to unseal, the FBI agents informed me that the reason for their visit was that certain memes or tweets were 'escalating', not a claim of threats as made in your court. Needless to say sarcasm is not limited by the First Amendment. Additionally, the FBI agents failed to disclose that the alleged 'victim' had barred my access to state court three years ago. I am an unequal citizen as neither I nor my lawyer have access to the court for remedy. The FBI withheld this material fact from you as they were in possession of the court file.

The alleged 'victim' who caused a rather unconstitutional home invasion under your signature is merely a criminal under 18 USC §242, deprivation of rights in light of Section 10 of the Connecticut Constitution which states:

> *SEC. 10. All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.*

I suspect the search warrant was merely an excuse to create *mens rea* for protected speech in application of *Elonis*. Five hours of interrogation was not necessary to seize my computer. The FBI, the DOJ and the state legislature hold complaints that the court run by the alleged 'victim' has been abusing rights of citizens for years. The two federal agencies operating in Connecticut were working with state

legislators and other citizens in what was thought to be professional investigations into misconduct of the alleged 'victim' and her pubic colleagues.  Everyone knows my story, they just withheld it from you.

The people's elected officials are very concerned about judicial retaliation.  Your act of authorizing a federal raid certainly supports the public perception.  The news shocked certain state representatives of the judiciary committee and does chill public criticism.  People were already afraid to testify before the legislature on judicial misconduct for fear of retaliation.  Sadly, your federal action furthered that fear and gives cause for the people and their elected representatives to be silent in the face of tyranny.   I do not wish for you to be dragged into the same den of iniquity as the alleged 'victim' and her colleagues, as we all have duty to protect the integrity of our courts.

In summary, there is a Fourth Amendment violation at hand, I would ask that you unseal the case so that the public and state legislators may scrutinize the conduct of the federal employees who played your court.  I will be happy to appear to provide sworn testimony so you may determine the level of misconduct at hand.  My phone is 571 318 0080.

Sincerely,

Paul A. Boyne

cc:  Hon. Rebecca B. Smith, Chief Judge
     CT State Representative Minnie Gonzalez

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 5 February 2017     (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

FILED

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

2011 FEB -7 P 3:06

for the

Eastern District of Virginia

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   1:17SW14 UNDER SEAL |
| 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 | ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Virginia _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (Property to be searched).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (Property to be seized).

**YOU ARE COMMANDED** to execute this warrant on or before _____ February 1, 2017 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Theresa Carroll Buchanan _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

*/s/*

Date and time issued:     1/18/17  11:45 am

Theresa Carroll Buchanan
United States Magistrate Judge
*Judge's signature*

City and state:      Alexandria, VA

Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>1:17SW14 UNDER SEAL | Date and time warrant executed:<br>1/19/17   9:30am | Copy of warrant and inventory left with:<br>Peter Boyne |
| Inventory made in the presence of : Peter Boyne | | |
| Inventory of the property taken and name of any person(s) seized: | | |

please see attached FD597 Receipt for Property

| Certification |
|---|

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  2/7/2017

                                         _____
                                           *Executing officer's signature*

                                     Special Agent Beau Bourgeois
                                           *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 8105 Creekview Drive, Springfield, Virginia, 22153, a brick two-story colonial-style house with whitish trim, a dark front door with sidelight windows, the number"8105" on the trim above the door, and a two-car garage attached to the right side of the house, which is situated approximately 25 feet from Creekview Drive.





## ATTACHMENT B

### *Property to be seized*

1.     All records relating to violations of 18 U.S.C. §2261A(2) (cyberstalking) and 18
U.S.C. §875(c) (interstate communication of a threat), those violations involving Paul A. Boyne
and others and occurring after August 1, 2014, including:

    **a.**   Email, online posts, attachments, drafts, and any other computer files or
communications that relate to threatening or harassing communications or
otherwise relate to violations of 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C.
§875(c) (interstate communication of a threat);

    **b.**   Records and information related to the Twitter handles @JudgeBozzuto,
@BadBadJudge, @NuttyJudge, or any other Twitter handles or accounts related
to those identified;

    **c.**   Records and information related to the Facebook account associated with the
name "Liz Bozzo (Anti-Christ)" or any other Facebook accounts related to
Elizabeth Bozzuto, her family members, her friends or those close to her,
including but not limited to photos or images of Elizabeth Bozzuto, her family,
friends, and those with whom she is close;

    **d.**   Records and information, including the contents of emails, related to the email
addresses charlotteobservernews@gmail.com,
charlotteobservernews1@gmail.com, paboyne@gmail.com;
subsafe69@yahoo.com; Danachester415@gmail.com; ctdiver2121@gmail.com

or any other email addresses or accounts, including recovery email addresses or

accounts, associated with the above email accounts;

2.     Records and information indicating how and when the account(s)was accessed or

used, to determine the geographic and chronological context of account access, use, and events

relating to the crimes under investigation and to the email or account owner;

3.     Records and information related to the account user's or owner's state of mind as

it relates to the crimes under investigation;

4.     Records and information related to or indicating the identity of the person(s) who

created or used the user ID, including records that help reveal the whereabouts of such person(s).

5.     Records and information related to the identity of person(s) with whom the email

account user or owner communicated regarding the family court system in Connecticut as well as

the use, drafting, purpose or other information related to harassing or threatening

communications concerning the family court system in Connecticut or any other entity.

  a.  Records and information relating to access of the computers used by Paul A.

   Boyne;

  b.  Records and information relating to the identity or location of the suspects;

  c.  Records and information relating to communications with Internet Protocol

   address 68.100.134.96;

  d.  Records and information relating to malicious software;

6.     Computers or storage media used as a means to commit the violations described

above, including 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate

2

communication of a threat), those violations involving Paul A. Boyne and others and occurring after August 1, 2014;

7. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

3

    g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h.  evidence of the times the COMPUTER was used;

    i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.  records of or information about Internet Protocol addresses used by the COMPUTER;

    l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m.  contextual information necessary to understand the evidence described in this attachment.

    8.    Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
Receipt for Property Received/Returned/Released/Seized

File # 9E-NH-7274619

On (date) 01/19/2017

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) PAUL BYRNE

(Street Address) 8105 Creekview Drive

(City) Springfield, VA

Description of Item(s): 1. Four Flash Drives

2. One Sandisk 32GB SD Card

3. One Apple laptop S/N C02MRB05FR1M

4. 3 SD Cards / 3 Flash Drives

5. One Notebook (Paper)

6. One (1) Dell laptop S/N 42643191413

7. One (1) Transcend External Hard Drive

8. One (1) Image of Dell XPS

9. One (1) Image Iphone 4S

10. One (1) Image from IPad

11. One (1) Image from Dell Inspiron laptop

Received By: FBI New Haven
(Signature)

Received From: PL B. By...
(Signature)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 | Case No. 1:17-sw-14 <br><br> **UNDER SEAL** |

## GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY

The United States, by and through undersigned counsel, files this response in opposition to the movant's Motion for Return of Property Per Rule 41(g).

## I.     BACKGROUND

A search and seizure warrant was authorized by this Court on January 18, 2017 for the premises located at 8105 Creekview Drive, Springfield, Virginia, 22153.   The warrant was executed the following day, January 19, 2017.   The warrant authorized agents to search for and seize several categories of items constituting fruits, instrumentalities or evidence of cyberstalking, in violation of 18 U.S.C. §2261A, or interstate communication of a threat, in violation of 18 U.S.C. §875(c), including, *inter alia,* computers or storage media and the records or information stored in them.   *See* Search Warrant, Search Warrant Application, and Affidavit in Support of Search Warrant, dated January 18, 2017.

According to the inventory (attached as Exhibit A), the agents seized:

(1) four flash drives;

(2) one Sandisk 32 Gb SD card;

(3) one Apple laptop;

(4) 3 SD cards/ 3 Flash drives;

1

(5) one notebook (paper);

(6) one Dell laptop; and,

(7) one Transcend External Hard Drive.

The agents all seized mirror images of four devices: (a) a Dell XPS, (b) an iPhone 4S, (c) an iPad, and (d) a Dell Inspiron laptop.

On February 6, 2017, the movant filed a Motion for Return of Property Per Rule 41(g). The movant is a resident of the premises and was present at the time the warrant was executed by agents of the Federal Bureau of Investigation (FBI).

## II.   THE GOVERNING LAW

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Thus, under Rule 41(g), the court must order the return of property only if: (1) a search is unlawful; or (2) a balancing of the interests between the parties requires it. *See id.* When a motion is made for the return of property before an indictment is filed, but a criminal investigation is pending, such as is the case here, the movant bears the burden of proving that the seizure of the property was illegal. *See In re Grand Jury Subpoena Duces Tecum Issued to: Roe & Roe, Inc.*, 49 F.Supp.2d 451, 453 (D. Md. 1999); *In re IBR Corp.*, 2008 WL 4482441 (W.D. W.Va. 2008). When balancing the interests of the parties, the Court must balance the

2

government's interest in holding the property against the owner's right to use the property.  *See*
*United States v. Carter*, 859 F.Supp. 202, 204 (E.D. Va. 1994), *aff'd* 139 F.3d 424 (4th Cir.
1998).   In striking this balance, the Court need not return the property "where the government
has a 'continuing interest' in the property."  *Id.* at 205.   "And, in this regard, an ongoing
criminal investigation" has been deemed "an appropriate 'continuing interest.'"  *Id.* (quoting
*Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982)); *Roe & Roe*, 49
F.Supp.2d at 453 (citations omitted); *see also United States. v. Rudisill*, 358 Fed. Appx. 421, 422
(4th Cir. 2009) (noting a defendant's Rule 41(g) motion "may be denied if . . . the government's
need for the property as evidence continues").   Even when the government has a continuing
interest in the property, it may not hold the "property for an 'unreasonable time' without taking
some action with regard to the property."  *Carter*, 859 F.Supp. at 205 (citing *Sovereign News*,
690 F.2d at 577, and *United States v. Premises Known as 608 Taylor Ave., Apartment 302*, 584
F.2d 1297, 1302 (3d Cir. 1978)).

## III.   ANALYSIS

In this case, there is an ongoing criminal investigation by the FBI into potential violations
of cyberstalking, in violation of 18 U.S.C. § 2261A, and interstate communication of a threat, in
violation of 18 U.S.C. § 875(c).   A search warrant was authorized by this Court on January 18,
2017, based upon a finding of probable cause, and was lawfully executed on January 19, 2017.

In order to merit relief under Rule 41(g), the movant must establish that the search was
unlawful or that the movant's interest in the property outweighs the interest of the government
conducting an ongoing criminal investigation.   Even if a balancing of the movant's and
government's interests were to weigh in favor of returning property to the movant, any return of

property must be pursuant to conditions which protect the government's interests including the need to access evidence and protect the evidence for use in future proceedings.   In this case, the movant has not demonstrated – under either prong of Rule 41(g) – that relief or return of the property is appropriate at this time.

The movant has baldly asserts – without correct legal basis[1] or factual support[2] – that the search was unlawful.   In a pre-indictment motion for return of property, the movant bears the burden of establishing he is entitled to relief under such a claim.   The movant has failed to meet this burden; bald assertions are simply insufficient to show or establish that the search was unlawful.   Accordingly, the movant has failed to demonstrate that he is entitled to relief under this prong of Rule 41(g).

When considering the need to balance the movant's interest in the seized property with the government's interest in the seized property, an ongoing criminal investigation is an appropriate continuing interest.   *Carter*, 859 F.Supp. at 205 (quoting *Sovereign News*, 690 F.2d

---

1 The movant asserts that Judge Titus's decision in *United States v. Cassidy*, 814 F. Supp. 2d 574 (D. Md. 2011), held 18 U.S.C. 2261A to be unconstitutional and protected certain types of "tweets" on Twitter.   As the *Cassidy* case is not precedent of the Fourth Circuit, but rather a decision of the District Court for the District of Maryland, it is not controlling law in the Eastern District of Virginia, and, further, the decision did not find the statute unconstitutional on its face, but rather limited its holding to a finding that the statute was unconstitutional *as applied* in that case.   *Id.* at 588.   Moreover, the movant ignores other cases upholding the constitutionality of the statute.   *See United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012); *United States v. Sayer*, 748 F.3d 425 (1st Cir. 2014); *United States v. Osinger*, 753 F.3d 939 (9th Cir. 2014); *United States v. Petrovic*, 701 F.3d 849 (8th Cir. 2012); *United States v. Segentakis*, 2015 WL 3763988, (S.D.N.Y. 2015); *United States v. Matusevich*, 84 F.Supp.3d 363 (D. Del. 2015).

2 The movant also suggests that law enforcement failed to advise the Court of the cases of *United States v. Baker*, 890 F. Supp.1375 (1995), and *United States v. Valle*, 807 F. 3d 508 (2015), but these assertions are plainly incorrect, as both cases are referenced in the affidavit in support of the search warrant.   *See* Affidavit in Support of Search Warrant, dated January 18, 2017.

at 577); *Roe & Roe*, 49 F.Supp.2 at 453.   The government seized the property less than a month

ago in this case and investigation is ongoing.   Since that time, the government not only has

initiated, but is approaching completion of mirror image copies of the of computers and

computer storage media seized from the movant's residence.   Naturally, it will take additional

time to review the data contained on the mirror images for the relevant evidence identified in the

warrant.   Nonetheless, it cannot be said that the government has taken no action with regard to

the property to this point.   *See Carter*, 859 F.Supp. at 205.   At this early juncture in the ongoing

investigation and with the government's prompt action in regard to the several items of storage

media and computers which were seized, there is much weighing in favor of the government's

interest in the property and little in favor of the movant's interest.

Once completed, the mirror images may also provide the Court and the parties with

possible options in the future to maintain appropriate balance of the government's interest in the

ongoing investigation with movant's interest in the property.   More specifically, it may permit

the parties or the Court to adopt or fashion conditions which can balance the movant's interest in

the property with the need to protect access to the property for its use in later proceedings.   *See*

Fed. R. Crim. P. 41(g).   It is anticipated that the mirror image copies will be complete by

February 15, 2017.   Transfer of the original evidence from the FBI Office in Connecticut to the

FBI Office in the Eastern District of Virginia, if necessary, is expected to take one to two weeks.

In the event the Court decides in the future, after balancing the interests of the parties, that the

movant should be afforded access to the original evidence, the property can be in closer

geographical proximity to the movant within one to two weeks.

## IV.    CONCLUSION

At this time, for the foregoing reasons, the government opposes the movant's Motion for Return of Property Per Rule 41(g).   The movant has not met his burden of showing that the search was unlawful, or that his interest in the property outweighs the government's interest in the ongoing criminal investigation, particularly at this early point in the investigation and in light of the substantial steps the government has already undertaken with regard to the seized property.   Should the Court determine at a point in the future that balancing the interest of the government with the interest of the movant requires a shift, the government requests the opportunity to propose appropriate conditions and potential options for accommodating the interests of both parties, protecting access to the property, and providing for its use in later proceedings.

WHEREFORE, the United States presently requests that the movant's motion for return of property be denied.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated: February 10, 2017

By:   /s/
Jennifer Singer
Special Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3759
Jennifer.A.Singer2@usdoj.gov

6

# EXHIBIT A

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
**Receipt for Property Received/Returned/Released/Seized**

File # 9E-NH-7274619

On (date) 01/19/2017

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) PAUL BYNE

(Street Address) 8105 Creekview Drive

(City) Springfield, VA

Description of Item(s):
1. Four Flash Drives
2. One Sandisk 32GB SD Card
3. One Apple laptop S/N C02MR005FR1M
4. 3 SD Cards / 3 Flash Drives
5. One Notebook (paper)
6. One (1) Dell laptop S/N 47643191413
7. One (1) Transcend External Hard Drive
8. One (1) Image of Dell XPS
9. One (1) Image Iphone 4S
10. One (1) Image from IPad
11. One (1) Image from Dell Inspiron laptop

Received By: FBI New Haven
(Signature)

Received From:
(Signature)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

IN THE MATTER OF THE SEARCH OF
8105 CREEKVIEW DRIVE
SPRINGFIELD, VA 22153

Case No. 1:17-sw-14

**UNDER SEAL**

## GOVERNMENT'S REPLY TO MOTION TO UNSEAL

The United States, by and through undersigned counsel, hereby responds to the movant's

Motion to Unseal. The United States does not oppose the Motion to Unseal, but requests that

the Court permit very minor redactions to the affidavit in support of the search warrant in order

to comply with Federal Rule of Criminal Procedure 49.1 and protect from disclosure information

pertaining to an ongoing investigation in another jurisdiction. *See* Fed. R. Crim. P. 49.1

(providing for the redaction of certain identifying information from documents filed publicly);

*Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (finding that the

sealing or protection of information is appropriate where its disclosure, *inter alia*, "would

hamper [an] ongoing investigation" or harm "broader investigations in other districts") (citations

and internal quotation marks omitted); E.D.V.A. Local Crim. R. 49(B) (permitting the filing of a

redacted version, where the government would otherwise move to unseal). The government's

redactions appear at paragraphs 24 and 28 of the affidavit. *See* Attached Aff.

A search and seizure warrant was authorized by this Court on January 18, 2017 for the

premises located at 8105 Creekview Drive, Springfield, Virginia, 22153. The same day, the

Court granted the United States' Motion to Seal the search warrant, the application for the search

warrant, and the affidavit in support of the search warrant, and issued an Order sealing the

1

documents. The warrant was executed the following day, on January 19, 2017.

The movant, who is presently seeking to unseal the matter and the return of property, is a resident of the aforementioned premises and was present at the time the warrant was executed by officers of the Federal Bureau of Investigation. At the time the warrant was executed, the movant was made aware of the investigation and the nature of the allegations under investigation. In light of the fact that the warrant has been executed and the movant is aware of the investigation, the reasons for sealing the warrant, application, and supporting affidavit in its entirety are no longer present. Accordingly, the United States does not oppose the Motion to Unseal, save for the information protected by Federal Rule of Criminal Procedure 49.1 and the information for which disclosure would hamper an ongoing investigation into a separate matter. Therefore, the government is submitting a very minimally redacted affidavit in support of the search warrant and moving that this version be publicly filed on the docket. *See* Attached Aff.

WHEREFORE, the United States respectfully requests that the search warrant and application for the search warrant be unsealed and that the affidavit in support of the search warrant be filed publicly with minor redactions.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated: February 10, 2017

By: __/s/_____
Jennifer Singer
Special Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3759
Jennifer.A.Singer2@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN THE MATTER OF THE SEARCH OF   )
8105 CREEK VIEW DRIVE            )
SPRINGFIELD, VA 22153           )
                                )   Case. No. 1:17sw14
                                )   UNDERSEAL
                                )

## ORDER

This matter came before the Court on the letter of January 30, 2017 from Paul A. Boyne (Doc. 10) which this Court treats as a Motion to Unseal the search warrant, application, and affidavit in this case.

Upon consideration of the pleadings, it is hereby

ORDERED that the search warrant and application for the search warrant shall be unsealed, and a redacted version of the affidavit in support of the search warrant shall be filed.

Additionally, the Motion for Return of Property per Rule 41(g)(Doc.7) is DENIED at this time, pending mirror imaging.

ENTERED this 13th day of February, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

AO 106 (Rev. 06/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

JAN 18

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

**8105 CREEKVIEW DRIVE
SPRINGFIELD, VA 22153**

)
)
)
)
)
)

Case No.1:17SW14     UNDER SEAL

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A (Property to be searched).

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B (Property to be seized).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2261A | Cyberstalking |
| 18 USC § 1343 | Interstate Communication of a Threat |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA/SAUSA:

Jonathan Fahey/Jennifer Singer

*Applicant's signature*

Lisa M. Tutty, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Date:   January 18, 2017

*Judge's signature*

City and state: Alexandria, Virginia

Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAN 1 8

IN THE MATTER OF THE SEARCH OF:
8105 Creekview Drive,
Springfield, VA, 22153

Case No. 1:17SW14

**Filed Under Seal**

## **AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Lisa M. Tutty, being first duly sworn, hereby depose and state as follows:

### **INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 8105 Creekview Drive, Springfield, Virginia, 22153, further described in Attachment A which is incorporated as if fully set forth herein (hereinafter "PREMISES"), for the things described in Attachment B.

2.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for nearly twenty-six years, since April 21, 1991.  As a Special Agent, I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, the execution of searches and seizures, and various other criminal law procedures.  In addition to standard investigative training, I have received specialized training regarding investigations concerning computer related offenses, violent crimes, and crimes involving the sexual exploitation of children.

3.     Your affiant is conducting an investigation into a pattern of online communications and posts which relate to or target one or more members of the Judiciary of the State of Connecticut, including the Chief Administrative Judge for Family Division Parts S (Support) and D (Dissolution). The investigation involves potential violations of, *inter alia*, 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat).

4.   Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat) may have been committed by Paul A. Boyne and others and there is probable cause to search the PREMISES described in Attachment A, which your affiant believes is Paul A. Boyne's residence.

5.   Based upon the information summarized in this application, I have reason to believe, and I do believe that at 8105 Creekview Drive, Springfield, Virginia, 22153, i.e., the PREMISES, there are items which constitute evidence, fruits, and instrumentalities of the foregoing violations. Therefore, I am requesting authority to search the premises for the items set forth below and in Attachment B, including any computer and computer media located therein, where the items specified may be found, and to seize all items listed in Attachment B as evidence, fruits and instrumentalities of crime.  The list of items to be seized is as follows:

   a.  All records relating to violations of 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat), those violations involving Paul A. Boyne and others and occurring after August 1, 2014, including:

      i.  Email, online posts, attachments, drafts, and any other computer files or communications that relate to threatening or harassing communications or otherwise relate to violations of 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat);

      ii.  Records and information related to the Twitter handles @JudgeBozzuto, @BadBadJudge, @NuttyJudge, or any other Twitter handles or accounts related to those identified;

      iii.  Records and information related to the Facebook account associated with the name "Liz Bozzo (Anti-Christ)" or any other Facebook accounts related to Elizabeth Bozzuto, her family members, her friends or those close to her, including but not limited to photos or images of Elizabeth Bozzuto, her family, friends, and those with whom she is close;

2

    iv.  Records and information, including the contents of emails, related to the email addresses charlotteobservernews@gmail.com, charlotteobservernews1@gmail.com, paboyne@gmail.com; subsafe69@yahoo.com; Danachester415@gmail.com; ctdiver2121@gmail.com or any other email addresses or accounts, including recovery email addresses or accounts, associated with the above email accounts;

b.  Records and information indicating how and when the account(s) was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the email or account owner;

c.  Records and information related to the account user's or owner's state of mind as it relates to the crimes under investigation;

d.  Records and information related to or indicating the identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

e.  Records and information related to the identity of person(s) with whom the email account user or owner communicated regarding the family court system in Connecticut as well as the use, drafting, purpose or other information related to harassing or threatening communications concerning the family court system in Connecticut or any other entity.

f.  Records and information relating to access of the computers used by Paul A. Boyne;

g.  Records and information relating to the identity or location of the suspects;

h.  Records and information relating to communications with Internet Protocol address 68.100.134.96;

i.  Records and information relating to malicious software;

j.  Computers or storage media used as a means to commit the violations described above, including 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat), those violations involving Paul A. Boyne and others and occurring after August 1, 2014;

k.  For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored

3

records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

l.   evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

m.   evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

n.   evidence of the lack of such malicious software;

o.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

p.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

q.   evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

r.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

s.   evidence of the times the COMPUTER was used;

t.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

u.   documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

v.   records of or information about Internet Protocol addresses used by the COMPUTER;

w.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

x.   contextual information necessary to understand the evidence described in this attachment.

4

y.  Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

6.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, business records, public records, and witnesses.

## PROBABLE CAUSE

7.      The United States is investigating a pattern of online communications and posts which primarily relate to and target Elizabeth Bozzuto, a member of the Judiciary of the State of Connecticut who is assigned the duties of Chief Administrative Judge for Family Division Parts S (Support) and D (Dissolution). The investigation concerns possible violations of, *inter alia*, 18 U.S.C. 2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat).

8.      The online communications began—in the form of emails—at least as early as August 2014. More recently, the online communications have been in the form of Facebook pages made to

appear as Judge Bozzuto's, as well as multiple Twitter channels used to post communications about

Judge Bozzuto. Your affiant's investigation began in or about March 2016.

**Emails From CharlotteObserverNews@gmail.com**

9.     Your affiant is aware of several emails sent from the email address

charlotteobservernews@gmail.com.  Generally, the emails contain grievances regarding the family

court system in Connecticut, the perceived corruption in the family court system, the use and cost of

Guardians Ad Litem, and more specific grievances related to a few particular cases.  Among the

emails, were some that focused on the conduct of Judge Bozzuto[1] in particular cases.

10.     For example, an email sent on August 22, 2014, from the email address

charlotteobservernews@gmail.com to External.Affairs@jud.ct.gov and copied to numerous other

email addresses, including Judge Bozzuto's, contains the following excerpted text:

> PUBLIC INTEREST INQUIRY
> It has come to the attention of the media that a family court lawyer,
> Geraldine Ficarra, has filed an 'emergency' contempt action in Superior

---

[1].     By way of background, Judge Bozzuto was a victim in the case of *State v. Edward Taupier*, Docket No. MMX-CR140675616T.  In brief, Taupier was convicted of threatening in the first degree, in violation of CGS §§53a-62(3), 53(a)-61aa(a)(3), and 53a61(a)(1); disorderly conduct (2 counts), in violation of CGS §53a-182(a)(2); and breach of peace in the second degree, in violation of CGS §§53a-181(a)(3).  The charges stemmed from an email sent by Taupier to a circle of people who had come together as a result of grievances with Connecticut's family court system and who may have been interested seeing reforms to that system.  He did not send the email to Judge Bozzuto, however.  Your affiant understands that a person in the circle showed that email to his/her attorney who shared it with authorities associated with the family court.   Following a bench trial, Judge Gold issued the guilty verdict and a lengthy memorandum of decision on October 2, 2015.  Judge Bozzuto appeared at Taupier's sentencing in January 2016 and delivered a victim impact statement.  Taupier was sentenced to eighteen months of incarceration.  His case is currently on appeal.

Taupier was a party in a family court matter, more specifically a dissolution of marriage case, HHD-FA12-4065159-S.  Although Judge Bozzuto was not the primary judge assigned to Taupier's case, she ruled on several motions filed in that case between December 3, 2013 and August 22, 2014.

6

> Court that condemns a legislator's actions "to advance her legislative
> efforts regarding Guardians ad Litem."
> ...
>
> The specific wording of the contempt action states: *"Two days after a*
> *long admonishment on the record by Judge Bozutto, the Defendant*
> *used the children as props for a photo opportunity regarding a*
> *legislator to advance her legislative efforts regarding Guardians ad*
> *Litem."*
>
> The inference is shocking in that the lawyer and the judge are
> conspiring to retaliate against legislative actions to examine
> questionable activities within the Family Court. The veiled First
> Amendment restrictions imposed by the judge compounded by the
> retaliatory action of the lawyer suggests judicial misconduct by the
> Chief Family Court Judge herself. Absent purpose to defeat the
> Constitution and separation of powers, Judge Bozutto along with
> Ficarra are undermining public confidence in the judiciary by abusing
> judicial authority through retaliation against the people's legislative
> representatives.

11.    As time passed, certain emails targeted Judge Bozzuto more sharply. For example, on

December 19, 2015 one such email was sent from the email address

charlotteobservernews@gmail.com to danachester415@gmail.com and copied to over a hundred

additional recipients, including the email addresses of Judge Bozzuto and several other state judges.

The subject line reads, "Judicial Tyranny," and the text includes 10 paragraphs from which the

following excerpts are taken:

> The public/media has cause to note that insulting a state judge is
> protected under the First Amendment.  Wishing a despicable judge
> dead by fire, cannibalism, or lead poisoning is not a criminal matter.
> ...
>
> Making nasty, vile, disgusting, vulgar, wretched commentary about the
> personal characteristics of a public official is just a day in the life of the
> home of the brave and the land of the free.

7

...

> NYPD cop can have wonderful conversations about stalking, murdering and eating a judge or any other citizen. The feds have said that is legal. Fantasies no matter how vulgar are not crimes....″[2]
> ...
>
> Perhaps Bozzo[3] is just the devil incarnate? The war between good and evil erupts? How to destroy the devil? Cannibalism by the 2nd Circuit? Torture and burning by the 6th Circuit?[4] ... Or toss her off the Middletown Bridge??" [5]

12.     The December 19, 2015 email from charlotteobservernews@gmail.com to danachester415@gmail.com also contains a 14 paragraph description of the sexually sadistic mutilation, torture and burning of a victim alternately referred to as "Elizabeth" and "Bozzo." That description is titled, "Bozzo Devo Play" and introduced with the following: "Here is a federally approved short story, published by federal judges to educate the populace on what is not criminal conduct. Thank the federal judges of the 6th Circuit."

---

[2]     Your affiant believes this is a reference to the December 3, 2015 decision of the Court of Appeals for the Second Circuit in United States v. Valle, 807 F.3d 508 (2nd Cir. 2015), which vacated the convictions of a New York Police Department officer in connection with his computer chats about the rape, torture, murder, cooking and eating of women and the use of his work-computer access to look up information about a potential victim discussed in the chats. The media commonly referred to the matter as the "Cannibal Cop" case.

[3]     Your affiant believes this is a reference to Judge Bozzuto.

[4]     Your affiant believes this is a reference to the 1997 decision of the Court of appeals for the Sixth Circuit in United States v. Alkhabaz, 104 F.3d 1492 (1997), which affirmed the dismissal of an indictment charging Alkhabaz aka Jake Baker with interstate communication of threats in connection with a story he posted online that involved the torture, rape, and murder of a young woman; the name of the victim was one his classmates at the University of Michigan.

[5]     Your affiant believes this and another reference to "Aaden" in the body of the email refer to the tragedy on July 5, 2015 in which Tony Moreno admitted to throwing his baby, Aaden, off the Arrigoni Bridge in Middletown, Connecticut days after a state family court judge decided not to make permanent a temporary restraining order against Moreno that had been requested by the baby's mother.

8

13.    The short story is an edited version of a short story that formed the basis of a 1995 federal prosecution of Abraham Jacob Alkhabaz, aka Jake Baker, for interstate communication of threats. Alkhabaz was a student at the University of Michigan who wrote and posted online a story about the torture, rape, and murder of a young woman; the name of the victim was one of his classmates at the University of Michigan.

14.    Your affiant believes that the short story in the December 19, 2015 email from charlotteobservernews@gmail.com, was altered to reflect a new title, "Bozzo Devo Play," and different victim names, "Elizabeth" and "Bozzo." (Your affiant has determined the true name of the victim in the Alkhabaz case was not Elizabeth, Bozo or Bozzo.)

15.    The December 19, 2015 email from charlotteobservernews@gmail.com was in response to an email sent by danachester415@gmail.com on December 18, 2015 at 12:31pm, the text of which remained in the email chain.

16.    The December 18, 2015 email, apparently from danachester415@gmail.com, discusses the approaching sentencing of Edward "Ted" Taupier for his convictions on threatening, disorderly conduct and breach of peace charges stemming from threats made against Judge Elizabeth Bozzuto and a continuance granted to a date when Judge Bozzuto would be available to speak as a victim at the sentencing. Both charlotteobservernews@gmail.com and danachester415@gmail.com express grievances with Judge Elizabeth Bozzuto, in their respective emails, and refer to the Judge as "Bozzo" or "Bozo."

17.    The emails from charlotteobservernews@gmail.com continue through January and February. For example, on January 3, 2016, charlotteobservernews@gmail.com sent an email to

9

deirdre.daly@usdoj.gov (the U.S. Attorney for the District of Connecticut) with copies to

Attorney.general@ct.gov and conndcj@ct.gov with the subject line: "Bozzo Violations of Canon –

Terrorism – Domestic Enemy."  In the body of the email, the first line reads, "Op Ed Column," and

the following excerpts appear:

> On the 12th of January our beloved judicial dodo bird Elizabeth Bozzuto will make history by violating all judicial Canons at once in testimony before Judge Gold.

> This dynamic duo of court corruption will masquerade before the sovereign people, pretending to administer justice, when in fact, they merely wipe judicial arse with the Constitution.

> Elizabeth, the family court jester will parade before the court as a victim of a crime. The manufactured criminal is Ted Taupier. His manufactured crime is free speech. ... New York City cops can talk of killing, barbecuing and dining on judicial steak, but not sovereign citizens of Corrupticut. We get arrested just at the slaughter phase, never get to filet, marinade, grilling or plating. Wishing for bad things happening to bad judges is obviously a crime against the state gestapo. Splashing babies in the Connecticut River is merely judicial discretion.
> ....

> There are people in this country who would like to see dead tyrants and yes they are allowed to talk about it. Even make mottos 'sic semper tyrannis' .... which clearly implies death.  Sorry that Liz and her boy Gold think otherwise, but that is what starts rebellions, revolutions and leads to things like the First Amendment. ...

> Liz the attention whore will violate Canon 3, which requires conduct that avoids conflict with the duties of the judicial office. Making public statements that Free Speech is criminal conduct does make Liz a candidate for the judicial pasture. Yes, many, many people think Liz is a vile, evil, nasty, filthy excuse of a human, who deserves requisite karma. They can talk about it, share thoughts, rant, fantasize, even wish that karma comes in very swift and terrible forms, including falling houses and theft of ruby slippers.

> Liz the terrorist will violate Canon 4, which prohibits engaging in political activity that is inconsistent with the integrity of the judiciary. Attacking free

10

speech is what tyrants do. She simply declares herself a domestic enemy of the Constitution by attacking the First Amendment. Not a judicial function, but her personal political agenda.

… She will take the stage claiming she is a victim of free speech, assailing the First Amendment, making her political declaration as a domestic enemy of the Constitution. For all those who took the oath, the Constitution must be defended, which does involve things like snipers, guns, violence, death, destruction, broken glass and the like. As the judiciary under the hand of Gold refuses to protect the Constitution, is he calling on the oath keepers to fulfill their duties? The judiciary refuses to uphold a right to say bad things about bad people, so who is left to protect this right??? The judiciary is handing this duty to the citizens? Begging the sovereign people to rise up to reclaim a right trampled by Gold??

So Liz the looney bird claims she is a victim of Free Speech because somebody prays for her demise. She declares herself a domestic enemy of the Constitution, where there are a whole lot of patriots sworn to arrange such demise. Looks like the judiciary is begging for it. ·

Of course, do not think that judicial canons mean anything to the judicial gestapo, nor that the Constitution State is anything more than a typo on a license plate or that the judicial oath of office means anything. Liberties are put asunder, by casting out the law, the judiciary calls the people to arms.

…

Mr. Jefferson suggests that the tree of liberty often needs to be refreshed with the blood of patriots and tyrants. Perhaps it is time to check the tree?

18.     Among the emails in February was one sent on February 20, 2016 from

charlotteobservernews@gmail.com to Janice.moriarty@jud.ct.gov and copied to several others

including Judge Bozzuto, Judge Libbin, and the Connecticut Attorney General.  The subject reads,

"Fwd: Child Support:" and the body of the email includes the following excerpts:

The public is curious why Judge Bozzuto does not ensure proper child support orders in the Thaner case.

11

There are four children in the family. Three live with dad, one with mom, but dad is collecting support for four. There is grave public interest on why the Judge

Bozzuto does not comply with the people's statute 46b-215b on support.

Allowing dad to steal the money intended for maintenance of a child not living with him is fraud. The fact that Judge Bozzuto ignores her judicial obligations suggests bias, favouritism, corruption and failure of Canon.

## Email Subscriber and IP Information

19.     According to records your affiant received from Google, the account associated with the Gmail address charlotteobservernews@gmail.com was created on April 9, 2013 and uses paboyne@gmail.com as a recovery email address.  Google records also indicate the internet protocol address ("IP address") 68.100.134.96 was used to log into the Gmail account of charlotteobservernews@gmail.com during the period February 1, 2016 to March 24, 2016.

20.     The IP address 68.100.134.96 is utilized by Cox Communications customers, according to a publicly accessible database which reveals the internet service providers to which IP addresses are assigned.

21.     Records provided by your affiant from Cox Communications, revealed that for the period February 1, 2016 to March 24, 2016, the IP address 68.100.134.96 was assigned to the subscriber Peter Boyne with a service address of 8105 Creekview Drive, Springfield, VA. The Cox Communications records identified an additional email address associated with the account, as "paboyne."

12

22.     Records from Cox Communications further indicated that the IP address 68.100.134.96 was assigned to the same subscriber and service address for the period March 31, 2016 to May 12, 2016.

23.     On or about February 6, 2015, an individual identifying himself as Paul Boyne, with date of birth XX/X/1961, and telephone number (571) 318-0080, called the FBI's Connecticut Public Corruption Task Force to report a complaint relating to the Connecticut Family Court system, two particular Family Court judges, and the Guardian Ad Litem system.

24.     Additional investigation determined there is an active warrant pending for the arrest of Paul Andrew Boyne, date of birth XX/X/1961, who is charged in Connecticut with Breach of Peace in the Second Degree, in violation of Connecticut General Statute 53a-181.  Boyne's address is listed as 8105 Creekview Drive, Springfield, VA. ██ ████████ ████ ████████ ████ ███████ ██████ ████████████ █████████ █ ███ █████ ████ ██████ ████ ██ ████ ███████ ████ █ █████ ██████ ████ ████ ███ ███████ █ ██████ ███ The incident occurred on March 1, 2013.

25.     According to public records and database checks, the owners of the house at 8105 Creekview Drive, Springfield, VA are Peter B. Boyne and Eleanor Boyne and they are in their early 80's.  Investigation by your affiant has determined that Peter Boyne is the elderly father of Paul A. Boyne, who is approximately 55 years old.   Based upon a review of Fairfax County Police Department reports, it has been determined that Paul A. Boyne resides with his parents, Peter and Eleanor Boyne, at 8105 Creekview Drive, Springfield, VA.

13

26.     Your affiant also reviewed the State of Connecticut family court file of Paul A. Boyne. It was determined by your affiant that Paul A. Boyne's dissolution of marriage case was handled, in part, by Judge Bozzuto during the approximate time frame of November 19, 2012 to April 3, 2014.

27.     According to records your affiant received from Google, the account associated with the Gmail address danachester415@gmail.com identified the subscriber as "Dana Chester", with a recovery email address of ctdiver2121@gmail.com and a SMS contact telephone number as 5083328519. Google maintains IP connection log data for a period of 28 days. Google was unable to provide IP connection data for danachester415@gmail.com.

28.     Records your affiant received from Verizon Wireless, identified the subscriber of telephone number 508-█████ as Edward F. Taupier, █████████, Cromwell, CT. As noted above in footnote one, Edward Taupier was convicted of threatening in the first degree, disorderly conduct, and breach of peace, and Judge Elizabeth Bozzuto was the victim in that case.

**Emails from charlotteobservernews1@gmail.com**

29.     On or about April 5, 2016, a person using email address charlotteobservernews1@gmail.com began sending emails that were similar in tone and tenor as those from charlotteobservernews@gmail.com .

30.     In one such email, dated June 29, 2016, the author sends an email to Bob Thaner, a party to a State of Connecticut family court matter and others not party to the Family Court matter. Attached to the email is a State of Connecticut Department of Social Services Bureau of Child Support Enforcement Notice to Change Withholding Order directed to the employer of Lori Thaner. Bob Thaner is the recipient of numerous emails from charlotteobservernews1@gmail.com, many of

14

which confront Bob Thaner about child support and visitation issues being decided by Judge Bozzuto in Thaner's case.

**Subscriber Information for Email Address charlotteobservernews1@gmail.com**

31.     According to records your affiant received from Google, the account associated with the Gmail address charlotteobservernews1@gmail.com was created on September 8, 2015, is subscribed in the name Timothy Thomas, and uses charlotteobservernews@gmail.com as a recovery email address.  Google records also indicate the IP address 68.100.134.96 was used to log into the Gmail account of charlotteobservernews1@gmail.com during the period March 4, 2016 through April 14, 2016.

32.     Records received by your affiant from Cox Communications, revealed that for the period March 31, 2016 through July 12, 2016, the IP address 68.100.134.96 was assigned to the subscriber Peter Boyne with a service address of 8105 Creekview Drive, Springfield, VA.

**Twitter Activity @JudgeBozzuto**

33.     On June 9, 2016, your affiant was informed that an unknown subject had created a Twitter account using the handle "@JudgeBozzuto."  Based on my review of the webpage postings for this Twitter account, the Twitter page appears to have been created on June 1, 2016, with the first post occurring on June 1, 2016.  The Twitter page displayed an image of Judge Elizabeth Bozzuto and was active.  The Twitter account was not created nor sanctioned by Judge Bozzuto.

34.     A preservation letter was served upon Twitter on June 9, 2016, and on June 13, 2016, a subpoena and non-disclosure order were served on Twitter, Inc. seeking to determine subscriber

and IP connection log data associated with the fraudulent account. Twitter, Inc. was also advised the @JudgeBozzuto page had been created and used by a person impersonating Judge Elizabeth Bozzuto.

35.   Records from Twitter, indicated that the email address associated with the creator of @JudgeBozzuto was subsafe69@yahoo.com . The IP connection logs reflected that the @JudgeBozzuto account was logged into daily between June 1, 2016 and June 10, 2016 using the IP address 68.100.134.96. Information received from Cox Communications revealed that the IP address 68.100.134.96 was assigned to Peter Boyne at the address 8105 Creekview Drive, Springfield, VA during that period.

36.   A review of the posts to the @JudgeBozzuto Twitter page revealed that the posts are written in the first person, as if the posts were written and published by Judge Elizabeth Bozzuto. One of the first posts states: "Think the Orlando sexual deviants got what they deserved? Come to my court, see the straight people getting what they deserve. How I roll!"

37.   The Twitter posts that follow imply that Judge Bozzuto condones and encourages the sexual abuse of children, the destruction of families based on bias against "straight" people, corruption within the judicial system and law enforcement, and religious discrimination.

38.   Excerpts appear below from the online posts made to the @JudgeBozzuto account in June 2016. For example, on or about June 6, 2016, the person posing as Judge Bozzuto on Twitter posted the following message: "Don't claim Christian values. The anti-christ will appear. Your pathetic children are a mere sacrifice. My discretion is your terror."

16

39.     On or about June 8, 2016, the person posing as Judge Bozzuto on Twitter posted the following message: "The anti-christ is coming. I am preparing the way. She will enter through my court room. Christians will die, children victimized, abused."

40.     On or about June 11, 2016, the person posing as Judge Bozzuto on Twitter posted "Often the tree of liberty needs to be refreshed with the screams of children, the blood of pedo love. Liberty for LBGTIQ and the kids. Sex!"

41.     On or about June 13, 2016, the subject posted: "Orlando terrorism lasted a few hours. Mine lasts a lifetime. The harm I inflict lasts a lifetime. Torture for all of you goiya cattle. Suffer"

42.     On or about June 14, 2016, the subject posted: "Omar is out of the closet. See what gays with guns can do to gays? LGBTIQP w/guns. A new source of terror! How I roll!! Scared yet?"

43.     A second post on or about June 14, 2016 states: "Maybe I have an assault rifle under my robe. Might as well shoot all the pathetic straight litigants in family court. I am unstable!"

44.     On or about June 15, 2016, the subject posted to Twitter: "ISIS wants death and destruction to the infidels. I want death and destruction of straight society. ISIS and I are on the same team."

45.     On or about June 16, 2016 or June 17, 2016, the subject posing as Judge Bozzuto posted to Twitter: "If Muslims come to judges meeting to demand sharia law in family court, should the state police shoot them? Could be a threat? Evil Muslim."

46.     Thereafter, the person posing as Judge Bozzuto posted to Twitter a series of approximately 15 tweets detailing a fictitious agenda of speakers appearing at a statewide judges'

17

conference that was scheduled for June 24, 2016 at the Middlesex County Superior Courthouse in Middletown, Connecticut.

47.     On June 18, 2016, your affiant received notification from Twitter that the @JudgeBozzuto account had been deleted by the user.

48.     Records received from Twitter included IP connection log data for the account @JudgeBozzuto.  The IP connection logs reflected that the person logging into the Twitter account @JudgeBozzuto logged in from IP address 68.100.134.96 daily from June 1, 2016 through June 18, 2016, when the account was deleted.  IP connection log data provided by Twitter also reflects log in activity from IP address 68.100.134.96 on June 19, 2016 and June 22, 2016.  This is the IP address assigned by Cox Communications during that time frame to the subscriber Peter Boyne with a service address of 8105 Creekview Drive, Springfield, VA.

**Twitter Activity @badbadjudge**

49.     On June 21, 2016, your affiant learned that another Twitter page had been created, entitled @badbadjudge.  The rhetoric and themes of the posts to the @badbadjudge page were similar to those posted on @JudgeBozzuto.  Of particular note was a post made on or about June 20, 2016, that read: "Give ISIS the Middletown court address for June 24. That's a gaggle of infidels!  ISIS loves bad judges!! Wisdom!!"

50.     The Director of Marshal Services and the Executive Director for Superior Court Operations, both with the State of Connecticut Judicial Branch, were made aware of the above described post on Twitter page @badbadjudge and, as a result, requested additional Connecticut State

Troopers be assigned to protect the Middlesex County Superior Courthouse in Middletown, CT on June 24, 2016 for the duration of the statewide judges' conference.

51.     Records your affiant received from Twitter, indicate that the account @badbadjudge was created by a person using the email address brandywine589@yahoo.com. The account was created on June 19, 2016 at 00:31:08 Pacific Time. The account creation IP address was provided as 68.100.134.96. The phone number provided by the account creator was 571-318-0080. This is the same phone number provided by Paul Boyne to the FBI on February 6, 2015, as noted above. The IP connection logs reflected that the person logging into the Twitter account @badbadjudge logged in from IP address 68.100.134.96 daily from June 19, 2016 until June 24, 2016. The IP address was assigned by Cox Communications during that time frame to the subscriber Peter Boyne with a service address of 8105 Creekview Drive, Springfield, VA.

52.     Upon review of the content posted to Twitter page @badbadjudge, a tweet posted on or about July 13, 2016, states "Happiness is an ISLAMIC State, sharia law and the beheading of all white jew family court terrorists. Allah Akbar!!" Beneath the above described tweet is another post which states: "I used to be a happy kid til my Bozzuto got ahold of my parents and my college savings account. Rather be dead now." A child with a dirty face and tattered clothes is depicted underneath the tweet.

53.     On or about July 17, 2016, a tweet was posted that stated "No legal basis for isolating kids from mothers. Just white deviant jew discretion in violation of state law. Kids! Underneath the tweet is a picture of a child standing in front of a home fully engulfed in flames. The picture bears

19

the headline in bold, capital letters "BOZZUTO'S HOUSE". A footnote in bold, capital letters states: "1HR A MONTH WITH MY MOM?"

54. On July 19, 2016, the affiant spoke with Robert Kirchner, Superior Court Operations, Special Operations Unit, Judicial Marshal Services. Kirchner advised that upon seeing the above described tweet, he felt compelled to contact the police department of the town in which Judge Elizabeth Bozzuto resides and request extra patrols be conducted in the vicinity of Judge Bozzuto's home. Kirchner contacted Judge Bozzuto and advised her of his contact with the local police department and his request for extra patrols. Judge Bozzuto concurred that Kirchner's action was prudent and warranted in light of the latest Twitter post depicting a residential home in flames.

55. A preservation request was served upon Twitter for the preservation of the contents of the Twitter accounts @JudgeBozzuto and @badbadjudge on June 10, 2016 and June 21, 2016 respectively. Also a preservation request was served on Twitter for the preservation of the contents of the Twitter accounts @badbadjudge and @badjudgebozzuto which was formerly known as @judgebozzuto.

**Twitter Activity @NuttyJudge**

56. On July 27, 2016, your affiant learned there was a Twitter page created entitled @NuttyJudge. The tweets posted to this feed are similar in theme as those tweeted to @judgebozzuto and @badbadjudge, but the imagery is increasingly violent and disturbing as are the accompanying words.

57. For example, on August 20, 2016, a tweet posted on the @NuttyJudge page depicts a graphic on which is written "JUDGE BOZZUTO IN YOUR LIFE? KEEP CALM AND RELOAD.

20

AIM. SHOOT AGAIN." According to records provided by Twitter, the @NuttyJudge account was logged into on August 20, 2016, from IP address 68.100.134.96.

58.     On September 4, 2016, a tweet posted on the @NuttyJudge page depicts two males aiming firearms at an unseen target. The caption read "IMMEDIATE AND INTENSIVE THERAPY" with a footnote in caps "JUDGE BOZZUTO." On September 4, 2016, the @NuttyJudge account was logged into from IP address 68.100.134.96, according to records provided by Twitter.

59.     On September 18, 2016, a tweet posted on the @NuttyJudge page depicts the barrel of a gun with the caption "Nothing that a bullet between the eyes CAN'T FIX!" with a footer notation in capitals that says, "FAMILY COURT REFORM." According to records provided by Twitter, the Twitter account @NuttyJudge was logged in from IP address 68.100.134.96 on September 18, 2016.

60.     Records received from Cox Communications on October 28, 2016, indicate that IP address 68.100.134.96 is the internet protocol that has been assigned to subscriber Peter Boyne at the residential service address 8105 Creekview Drive, Springfield, VA, since March 31, 2016.

61.     Records provided by Twitter on October 19, 2016 also identify an email address registered with the Twitter account @NuttyJudge. The email address provided by the Twitter subscriber is charlotteobservernews@gmail.com. As noted in paragraph 13 above, the subscriber to charlotteobservernews@gmail.com provided a recovery email of paboyne@gmail.com.

62.     A preservation letter was sent to Twitter on November 23, 2016 for the contents of the Twitter account @NuttyJudge.

**Facebook Page With Profile Photo of Judge Bozzuto and another Individual**

63. On August 29, 2016, your affiant learned a fictitious Facebook page had been created with a display name of "Liz Bozzo (Anti-Christ)." The posts to that Facebook page appeared to be identical to or consistent with the tweets being posted to the @NuttyJudge Twitter page. The primary image or profile photo on the Facebook page depicts Judge Bozzutto and another woman on a boat. A smaller image depicts a selfie of Judge Bozzutto and another woman who has been identified by Judge Bozzutto as her girlfriend.

64. On August 30, 2016, your affiant interviewed Judge Bozzutto. Judge Bozzutto stated the Facebook page "Liz Bozzo" was not her Facebook page and had not been created with her permission. She advised the image of her on a boat with another female depicted on the fictitious Facebook page is an image that was copied, without her authorization, from her own Facebook page. She believed the smaller image, of her and her girlfriend, had been taken from the Facebook page belonging to her girlfriend.

65. On October 5, 2016, your affiant was informed that images of Judge Bozzuto's family members had been posted on the @NuttyJudge Twitter page. Judge Bozzuto stated a number of the images posted to the Twitter page were images that were not publicly available. More specifically, Judge Bozzuto advised that the person who posted to @NuttyJudge had apparently had taken images from Judge Bozzuto's daughter's Facebook profile page and Judge Bozzuto's son's Facebook profile page. An additional image posted to @NuttyJudge had been taken from Judge Bozzuto's sister's Facebook account. Judge Bozzuto identified images of herself and her daughter that were not on profile pages, but rather were images contained within her and her children's private photo galleries

22

on Facebook. At no time had anyone in Judge Bozzuto's family authorized the posting of their private images to Twitter.

66.   Records provided by Facebook on October 18, 2016, indicated that the Facebook page "Liz Bozzo (Anti-Christ)" was created on July 25, 2016 with a registration IP address of 68.100.134.96. Based on information from Cox Communications, that IP address has been assigned to Peter Boyne's residence at 8105 Creekview Drive, Springfield, VA, since March 31, 2016.

67.   As indicated above, your affiant has determined that Peter Boyne is the elderly father of Paul A. Boyne. Further, Paul A. Boyne resides with his parents, Peter and Eleanor Boyne, at 8105 Creekview Drive, Springfield, VA. Paul A. Boyne previously lived in Connecticut. Moreover, Paul A. Boyne's dissolution of marriage case, in Connecticut, was handled in part by Judge Bozzuto during the approximate time frame of November 19, 2012 to April 3, 2014.

68.   As noted above, Paul A. Boyne contacted the FBI Connecticut Corruption Task Force on February 6, 2015 to file a complaint against the State of Connecticut Family Court. He provided his telephone number as 571-318-0080.

69.   On October 3, 2016, your affiant learned from the Connecticut State Police ("CSP") that they had obtained cellular telephone records for cellular telephone number 571-318-0080 in connection with a separate investigation. The records identified the subscriber to the cellular service as Catherine Boyne from Baltimore, MD. Through an interview with Catherine Boyne, the CSP determined that Catherine Boyne pays for the cellular phone for her brother, Paul A. Boyne, who resides in Virginia. Catherine Boyne reported that she maintains the phone account so that she can reach her brother in case of family emergencies, however she noted she does not have regular contact

with her brother.  Catherine Boyne advised the phone is in the possession of her brother and is for his personal use.

70.     A review of reports provided your affiant by the Fairfax County Police Department on September 21, 2016, determined that on June 20, 2013, Paul A. Boyne admitted to a Fairfax County law enforcement officer that he had traveled to Connecticut undetected the month prior, despite having knowledge that there existed an outstanding warrant for his arrest.  Boyne informed the law enforcement officer that he did not intend to turn himself in to resolve the pending criminal matter.

71.     Based upon the constant nature of the online communications, the increased volume of social media posts, the violent nature of the imagery and language used in the posts, and the overt steps taken by the target of this investigation to obtain and post private images of Judge Bozzuto and her family members, your affiant believes that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat) will be found in the location to be searched, as described in Attachment A and incorporated as if fully set forth herein.

72.     A preservation request was sent to Facebook Inc. on November 23, 2016 for the contents of the account of "Liz Bozzo (Anti-Christ)."

73.     A preservation letter was sent to Google on September 29, 2016.  In general, an email that is sent to a Google subscriber is stored in the subscriber's "mail box" on Google servers until the subscriber deletes the email.  If the subscriber does not delete the message, the message can remain on Google servers indefinitely.  Even if the subscriber deletes the email, it may continue to be available on Google's servers for a certain period of time.

24

**Recent Twitter Activity @NuttyJudge**

74.    On December 6, 2016, the person using the Twitter handle @NuttyJudge posted a meme depicting Judge Elizabeth Bozzuto with the following text superimposed in capital letters: "JUDGE BOZZUTO WILL DIE!  On the lower portion of the meme the author wrote "TRUE THREAT? PROPHECY? WILL OF ALLAH? OR JUST REALITY."  The tweet above the meme read as follows: "Evil miscreant deviant child raping jew judge will die.  Simple.  No one gets out alive.  Karma is salivating for this one. #connecticut pedo."

75.    On December 7, 2016, the person using the Twitter handle @NuttyJudge posted a meme depicting Judge Elizabeth Bozzuto with the following text superimposed in capital letters: "ALLAH COMMANDS THE RIGHTEOUS TO SLAY THE DEVIANT FILTH OF THE FAMILY COURT...JEWS TOO!  On the lower portion of the meme, written in capital letters is "JUDGE BOZZUTO."  Above the meme, the author wrote: "Prophet Mohammad would never stand for the jewery of Family Court.  True believers called to slaughter infidels.  Talmud beliefs must die."

76.    On December 8, 2016, in response to a search warrant executed upon Twitter, Twitter provided records that revealed the @NuttyJudge Twitter account had been accessed by one IP address, 68.100.134.96, during the December 6, 2016 to December 8, 2016 time frame.

77.    On January 14, 2017, Cox Communications identified IP address 68.100.134.96 as the IP address assigned to Cox Communications customer Peter Boyne, 8105 Creekview Drive, Springfield, VA.  According to Cox Communications, that IP address was assigned to the same subscriber and service address during the December 6, 2016 to December 8, 2016 time frame.

78.     On December 5, 2016, a search warrant issued by the Honorable United States Magistrate Judge Joan G. Margolis, United States District Court, District of Connecticut, was served upon Facebook.  Facebook provided records responsive to the search warrant to your affiant on January 4, 2017.  The records provided by Facebook for the Facebook Page entitled "Liz Bozzo" revealed the account had been disabled on November 15, 2016.  The account was last logged in to by IP address 68.100.134.96 on November 15, 2016.

79.     Facebook records further revealed the following images were uploaded to the Liz Bozzo Facebook page on October 5, 2016 at 00:49:34 Universal Time (UTC) by a device assigned IP address 68.100.134.96:

   a.   The image of Judge Bozzuto riding a bicycle superimposed upon which was the wording "JUDGE BOZZUTO" and "BIKE DYKE."

   b.   The image of Judge Bozzuto's daughter holding a phone and appearing to pose for a selfie, upon which were the words "CHANGING MY IDENTITY BEFORE MOM'S REAPPOINTMENT HEARING"

   c.   The image of Judge Bozzuto hugging her daughter, who is giving a peace sign, superimposed upon which were the words "JUDGE BOZZUTO PARENTING" and "WAITING FOR THE NANNY"

   d.   The image of Judge Bozzuto and her daughter posing near a pillar and superimposed with the words "DYKE JUDGE" and "BUTCH LAWYER"

   e.   The image of Judge Bozzuto and her daughter posing near a pillar superimposed upon which were the words "ZUTO'S POST"

26

f. The image of Judge Bozzuto's daughter and son standing on a patterned floor with the words "BOZZUTO FAMILY" and "DREADING REAPPOINTMENT HEARINGS."

80.     As noted in Paragraph 52 above, Cox Communications records identify the subscriber assigned IP address 68.100.134.96 from March 31, 2016 to October 28, 2016 as Peter Boyne, 8105 Creekview Drive, Springfield, VA.

81.     On December 5, 2016, a search warrant issued by the Honorable United States Magistrate Judge Joan G. Margolis, United States District Court, District of Connecticut, was served upon Twitter.  Twitter provided records responsive to the search warrant to your affiant on December 9, 2016.  The records related to the Twitter account "@Judge Bozzuto" reflect that the user changed the Twitter screen name to "@BadJudgeBozzuto" on June 30, 2016.  The device associated with the Twitter account originally known as "@JudgeBozzuto" and later changed to "@BadJudgeBozzuto" was provided by Twitter as a Verizon phone, bearing phone number 571-318-0080.  As noted in paragraphs 60 and 61, Paul Boyne has been identified as the person who uses cellular telephone number 571-318-0080.

## TECHNICAL TERMS

82.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a. IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet must be assigned an IP address so that Internet

27

traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c.  Storage medium: A storage medium is any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

83.    As described above and in Attachment B, this application seeks permission to search for records that might be found on the PREMISES, in whatever form they are found.  One form in which the records might be found is data stored on a computer's hard drive or other storage media.  Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

84.    *Probable cause.*  I submit that if a computer or storage medium is found on the PREMISES, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

28

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

29

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

85.   *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any storage medium in the PREMISES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b. As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how"

30

of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a

31

particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is

32

evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

f. I know that when an individual uses a computer to obtain and post images and other information which is the means of cyberstalking or preparation or conveyance of an online threat, the individual's computer will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The computer is an instrumentality of the crime because it is used as a means of committing the criminal offense. The computer is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that a computer used to commit a crime of this type may contain: data that is evidence of how the computer was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

86.   *Necessity of seizing or copying entire computers or storage media.*  In most cases, a thorough search of a premises for information that might be stored on storage media often requires

33

the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

    a.  The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

    b.  Technical requirements. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and

software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

  c. Variety of forms of electronic media. Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

  87. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

  88. Because several people share the PREMISES as a residence, it is possible that the PREMISES will contain storage media that are predominantly used, and perhaps owned, by persons who are not suspected of a crime. If it is nonetheless determined that that it is possible that the things described in this warrant could be found on any of those computers or storage media, the warrant applied for would permit the seizure and review of those items as well.

## CONCLUSION

89.     I submit that this affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B. I have probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat) will be found in the location to be searched

## REQUEST FOR SEALING

90.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the subjects or targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation. Further, based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

36

Respectfully submitted,

LISA M. TUTTY
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on January 18, 2017:

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

HON. THERESA C. BUCHANAN
UNITED STATES MAGISTRATE JUDGE

37

## ATTACHMENT A

*Property to be searched*

The property to be searched is 8105 Creekview Drive, Springfield, Virginia, 22153, a brick two-story colonial-style house with whitish trim, a dark front door with sidelight windows, the number"8105" on the trim above the door, and a two-car garage attached to the right side of the house, which is situated approximately 25 feet from Creekview Drive.





## ATTACHMENT B

### *Property to be seized*

1.      All records relating to violations of 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat), those violations involving Paul A. Boyne and others and occurring after August 1, 2014, including:

   a.   Email, online posts, attachments, drafts, and any other computer files or communications that relate to threatening or harassing communications or otherwise relate to violations of 18 U.S.C. §2261A (cyberstalking) and 18 U.S.C. §875(c) (interstate communication of a threat);

   b.   Records and information related to the Twitter handles @JudgeBozzuto, @BadBadJudge, @NuttyJudge, or any other Twitter handles or accounts related to those identified;

   c.   Records and information related to the Facebook account associated with the name "Liz Bozzo (Anti-Christ)" or any other Facebook accounts related to Elizabeth Bozzuto, her family members, her friends or those close to her, including but not limited to photos or images of Elizabeth Bozzuto, her family, friends, and those with whom she is close;

   d.   Records and information, including the contents of emails, related to the email addresses charlotteobservernews@gmail.com, charlotteobservernews1@gmail.com, paboyne@gmail.com; subsafe69@yahoo.com; Danachester415@gmail.com; ctdiver2121@gmail.com

or any other email addresses or accounts, including recovery email addresses or accounts, associated with the above email accounts;

2.      Records and information indicating how and when the account(s)was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the email or account owner;

3.      Records and information related to the account user's or owner's state of mind as it relates to the crimes under investigation;

4.      Records and information related to or indicating the identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

5.      Records and information related to the identity of person(s) with whom the email account user or owner communicated regarding the family court system in Connecticut as well as the use, drafting, purpose or other information related to harassing or threatening communications concerning the family court system in Connecticut or any other entity.

    a.   Records and information relating to access of the computers used by Paul A. Boyne;

    b.   Records and information relating to the identity or location of the suspects;

    c.   Records and information relating to communications with Internet Protocol address 68.100.134.96;

    d.   Records and information relating to malicious software;

6.      Computers or storage media used as a means to commit the violations described above, including 18 U.S.C. §2261A(2) (cyberstalking) and 18 U.S.C. §875(c) (interstate

2

communication of a threat), those violations involving Paul A. Boyne and others and occurring after August 1, 2014;

7.     For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a.  evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c.  evidence of the lack of such malicious software;

   d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

3

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

8. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 FEB 21  A 9: 47

C____ _____
___ _____

PAUL A. BOYNE                    Case No.  1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

## MOTION FOR COURT ISSUED SUBPOENA
## Rule 17

The undersigned moves the court to issue its own subpoena upon the Federal
Bureau of Investigation to produce all material related to case 9E-NH-7274619
and work product therein.

The public is aware that the FBI has an active investigation targeting unknown
persons for the alleged crime of free speech.  The government's legal claim to
investigate is the 'knowledge & training' of agent Lisa Tutty.

The public relies on Tutty's affidavit presented to Judge Buchanan on 18 January
by AUSA Jon Fahey and SAUSA Jen Singer as cause for public scrutiny of an
investigation of private persons exercising First Amendment rights to free speech.
The unspecified 'knowledge' of Tutty fails legal cause to investigate citizens who
criticize public figures.  Her questionable 'knowledge' in a public forum is subject to
public scrutiny.  Likewise, unspecified 'training' over twenty six years of federal
employment does not establish legal necessity to investigate persons engaged in
political speech.  The public has duty to scrutinize unconstitutional opinions of
federal employees working to deprive citizens of rights and privileges protected by
law; 42 USC §1983.

Evidence of deprivation is believed to be documented in the work product of the Connecticut Intelligence Center's case 9E-NH-7274619.   Google disclosed this reference, served by legal process cited in Tutty's affidavit.  As the Center is staffed by federal and state employees, the public has cause to believe unscrupulous state actors are manipulating police powers to retaliate against critics of the state judiciary.  This concern is voiced by elected representatives of the Connecticut General Assembly.

This request to enable public scrutiny holds legal standing given Tutty's major claim is antithetic to *U.S. v Cassidy, 814 F.Supp.2d 574 (2011)*.

Wherefore, the court holds duty to subpoena and make public the investigative 'fruits' of wayward government employees acting in violation of the Fourth Amendment and in contempt of the First.


Paul A. Boyne, Pro Se

2

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 FEB 21   A  9 48

PAUL A. BOYNE                                        Case No.  1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

### BRIEF IN SUPPORT OF MOTION FOR COURT ISSUED SUBPOENA

The court and the USDOJ hold responsibility to remedy deprivation of rights by 42 USC §1986. Public scrutiny of the misconduct is required in remedy. The court cannot condone attacks of the First Amendment, nor violations of the Fourth or Fifth. Fraud upon the court illegally seeking, then seizing the pen of political speech must be exposed.

The people hold constitutional cause to scrutinize the 'fruits' of the federal misconduct, requiring full disclosure of this secret witch hunt.

Tyranny has flourished, Virtus is summoned, sic semper tyrannis is prayed.

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 FEB 21  A 9: 48

C⟶

PAUL A. BOYNE                    Case No.  1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

---

## **MOTION FOR RETURN OF PROPERTY PER RULE 41(g)**
## **II**

The undersigned again moves by Rule 41(g) for the return of all physical property
seized by FBI Special Agent Richard Stallings' team on 19 January at 8105
Creekview Drive, Springfield, VA 22153.

The undersigned is aggrieved by unlawful search and seizure in violation of the
Fourth Amendment by unconstitutional claim of Lisa Tutty and promoted by
AUSA Jon Fahey and SAUSA Jen Singer.  Twisted personal opinions of federal
employees not rooted in law fail to create seizure necessity.  Holding property is a
deprivation of liberty under the Fifth Amendment.  The Court and USDOJ have
duty to remedy the deprivation per 42 USC §1986.

Judge Buchanan did deny previous return request "pending mirror imaging".
However, it has been over a month since seizure, in which a fifth grader could have
copied all, many times over.  Target of the seizure was data, not hardware.
Deprivation of property is veiled harassment as the 'paper notebook' is incapable
of 'mirror imaging'.  Fifth grader with iPhone can copy instantly.  The court has
unwittingly been dragged into a conspiracy to harass the public.

The underlying claim to seize property was Tutty's 'knowledge & training'. There was no claim of proscribed speech, no probable cause or suspicion of a crime. Tutty took offense to protected speech and conspired with others to retaliate on behalf of unscrupulous state actors. The government is on a witch hunt for political critics and has dragged the unwitting court into the realm of terrorism.

Wherefore, the court is moved to order the immediate return of all physical property, as 'fruits' of free speech have no relation to criminal conduct; remaining only a violation of the Fifth Amendment.

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA · 2017 FEB 21  A 9:48
Alexandria Division

C......

PAUL A. BOYNE                              Case No. 1:17SW14 Under Seal

v.

UNITED STATES OF AMERICA

## BRIEF IN SUPPORT OF MOTION TO RETURN PROPERTY

This rule 41(g) request for return of seized property is filed while no criminal proceeding

is pending and must be treated as a civil complaint seeking equitable relief;  *U.S. v. Ritchie, 342*

*F.3d 903, 906 (9th Cir. 2003).*

The government has demonstrated a callous disregard for the movant's constitutional

rights by false claim of criminal political *'tweets'* which is merely protected speech under *U.S. v*

*Cassidy, 814 F.Supp.2d 574,* along with attacking political speech by secretly investigating the

movant and unknown 'others' who dare to publicly criticize controversial political figures in a

pubic forum.  Claiming political speech is criminal conduct is simply a deprivation of First

Amendment protections; 42 USC §1983  The seized property was personal in nature, containing

writings, private photos, personal records, research data,  enterprise work product and an

extensive music collection in the iTunes library.  The movant suffers irreparable harm by not

being able to shuffle iPod playlists.  The movant has no remedy at law as there is no other

proceeding to pursue return of property.

There is no reasonable cause for the government to retain the property under the feigned excuse of 'pending mirror imaging' as claimed by the court in its 13 February ruling. The government has held the property for over four work weeks, in which a fifth grader could have copied it multiple times. The court embarrasses itself by such excuse to hold private property indefinitely.

Any feigned or legitimate interest of the government can be achieved by creating copies of the data for which it had amble time to achieve. There is no legitimate cause to hold the hardware, which by rule now necessitates its immediate return. Continued delay is mere harassment.

The government's retention of the hardware and the paper notebook is unreasonable under the totality of the circumstances.

Paul A. Boyne, Pro Se

2

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 FEB 21   A 9: 48

CL...

PAUL A. BOYNE                   Case No.  1:17SW14 Under Seal

    v.

UNITED STATES OF AMERICA

## **NOTICE OF HEARING**

Notice that the undersigned has filed Motion For Court Issued Subpoena and

Motion For Return of Property Per Rule 41(g).  Oral arguments for such on Friday,

24 February at 9:00am, or as soon thereafter as allowed.

Paul A. Boyne, Pro Se
8105 Creekview Drive
Springfield, VA 22153
571 318 0080
paboyne@gmail.com

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 21 February 2017 ___ (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Jennifer A. Singer (caseview.ecf@usdoj.gov,
jennifer.a.singer2@usdoj.gov, usavae.alx.ecf.sausa@usdoj.gov), Jonathan Fahey
(jonathan.fahey@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov, usavae.alx.ecf.nar@usdoj.gov),
Magistrate Judge Theresa Carroll Buchanan (judge_buchanan@vaed.uscourts.gov,
tcb_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:7042950@vaed.uscourts.gov
Subject:Activity in Case 1:17-sw-00014-TCBVAED USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA
22153 Remark
Content-Type: text/html
```

## U.S. District Court

### Eastern District of Virginia –

## Notice of Electronic Filing

The following transaction was entered on 2/21/2017 at 4:27 PM EST and filed on 2/21/2017

| | |
|---|---|
| **Case Name:** | USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 |
| **Case Number:** | 1:17–sw–00014–TCB |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Per TCB chambers motions set for 2/24/17 on the pleadings (clar, )**

**1:17–sw–00014–TCB–1 Notice has been electronically mailed to:**

Jennifer A. Singer &nbsp &nbsp Jennifer.A.Singer2@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.sausa@usdoj.gov

Jonathan Fahey &nbsp &nbsp jonathan.fahey@usdoj.gov, USAVAE.ALX.ECF.MC@usdoj.gov, USAVAE.ALX.ECF.NAR@usdoj.gov

**1:17–sw–00014–TCB–1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Jennifer A. Singer (caseview.ecf@usdoj.gov,
jennifer.a.singer2@usdoj.gov, usavae.alx.ecf.sausa@usdoj.gov), Jonathan Fahey
(jonathan.fahey@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov, usavae.alx.ecf.nar@usdoj.gov),
Magistrate Judge Theresa Carroll Buchanan (judge_buchanan@vaed.uscourts.gov,
tcb_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:7042958@vaed.uscourts.gov
Subject:Activity in Case 1:17-sw-00014-TCBVAED USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA
22153 Terminate Deadlines and Hearings
```
Content−Type: text/html

## U.S. District Court

## Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 2/21/2017 at 4:28 PM EST and filed on 2/21/2017

**Case Name:**         USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153
**Case Number:**       1:17−sw−00014−TCB
**Filer:**
**Document Number:** No document attached
**Docket Text:**
 **Deadlines terminated − Per TCB chambers motions set for 2/24/17 on the pleadings (clar, )**


**1:17−sw−00014−TCB−1 Notice has been electronically mailed to:**

Jennifer A. Singer &nbsp &nbsp Jennifer.A.Singer2@usdoj.gov, CaseView.ECF@usdoj.gov,
usavae.alx.ecf.sausa@usdoj.gov

Jonathan Fahey &nbsp &nbsp jonathan.fahey@usdoj.gov, USAVAE.ALX.ECF.MC@usdoj.gov,
USAVAE.ALX.ECF.NAR@usdoj.gov

**1:17−sw−00014−TCB−1 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN THE MATTER OF THE SEARCH OF )
8105 CREEK VIEW DRIVE          )     Case Number: 1:17sw14
SPRINGFIELD, VA 22153,         )     UNDERSEAL
                               )

ORDER

This matter comes before the Court on Motion for Court Issued Subpoena Rule 17 (Doc. 16) and Motion for Return of Property per Rule 41(g)(2)(Doc.18) from Paul A. Boyne. Upon consideration of the pleadings, it is hereby

ORDERED that case number 9E-NH-7274619 is not within this Court's jurisdiction therefore, .Motion for Court Issued Subpoena Rule 17 (Doc. 16) is DENIED. It is further

ORDERED that for the same reason as stated in Order (Doc. 14) dated February 13, 2017 entered by the undersigned, the Motion for Return of Property per Rule 41(g)(2)(Doc. 18) is DENIED.

ENTERED this 21st day of February, 2017.

_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No. 1:17SW14 Under Seal

Hon. Theresa C. Buchanan

FEB 2 8 2017

## **MOTION FOR RETURN OF PROPERTY PER RULE 41(g)**
## **III**

The undersigned moves for a third time under Rule 41(g) for the return of all physical property seized by FBI Special Agent Richard Stallings' team on 19 January at 8105 Creekview Drive, Springfield, VA 22153 under falsehood of hunting for evidence of free speech.

The court provides no substantive reason in its denials. Claiming that the property cannot be returned pending some unspecified form of copying is not law but harassment. Is the government making a complete paper copy of the drives by hand? The government can return the paper notebook instantly, Xerox has the technology. The young tech at Geek Squad quoted $200 and a half day's work to image 1TB of drives.

The court must think the public is stupid to accept such unqualified excuse to withhold property. Absence of case law reference is remarkable. No hearing, no government claim of criminal activity, no application of law nor even a feigned effort to protect rights. The court has duty to state a cause compliant with the Fifth Amendment to deprive a person of property. Open ended excuse of waiting for the government to execute a day's work is constitutionally infirm. Such reasoning

from the bench exposes the lack of integrity of the magistrate and undermines public confidence in the judiciary. The government only established probable cause of free speech to seize the property, it holds no cause to keep the property and the court has no cause to conspire to violate the Fifth Amendment.

The undersigned, a victim of civil rights deprivation by the hand of the federal judiciary does hereby demand the return of his property immediately. The court has cause to deal with the false affidavit filed rather than creating false excuses to keep a paper notebook.

Wherefore, the court is moved to vacate its fabricated excuses of 13 & 21 February and order the immediate return of all physical property, as 'fruits' of free speech fail claim of probable cause; remaining only a violation of the Fifth Amendment.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 23 February 2017    (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14   Under Seal

Hon. Theresa C. Buchanan



## **MOTION FOR CLARIFICATION**

The undersigned and his public colleagues have cause to move the court to provide clarification of its new limits of free speech.

A search & seizure warrant was executed by this court based on unpublished opinions of criminal speech.  The public has cause to understand the trespass that so upset the court to unleash armed flying monkeys to seek and seize the sharp pen of political speech.

The presentation of the affidavit and application for warrant involved Jonathan Fahey, Esq., Jennifer A. Singer, Esq. and affiant Lisa Tutty.  There was no citation of case law nor example of proscribed speech enumerated in the affidavit.  The suspicion of criminal activity relied solely on the training, experience & belief of the affiant, Tutty.  The court must provide clarification to the people, stating specifically what they can and cannot discuss regarding criticism of public figures in public forums.  Absent clarification, the people's voice is silenced by true threat of arrest by whim of federal employees.

The public asks the court to clarify the new limits of speech manifested in this case. The public has need to know what criminal limits Lisa Tutty sets regarding public criticism of a public figure employed by the state of Connecticut.  Specifically:

1. What online communications & posts are permitted in political criticism of Judge Bozzuto?
2. How is the public to know limits of Lisa Tutty's 'beliefs' of proscribed speech?
3. How does this court overturn the unconstitutional ruling of *U.S. v Cassidy 814 F.Supp.2d 574,* absent new ruling on '*tweets*'?  Is *Cassidy* now replaced by *Tutty*?
4. Is the protection of pseudonyms dating back to colonial times, cited by Judge Titus in *Cassidy,* now overturned by *Tutty*?
5. Does *Tutty* create a new political speech proscription where using Twitter/Facebook is probable cause of criminal activity?
6. What is the *Tutty* meaning of targeting a public figure 'more sharply'?
7. What is the *Tutty* standard of 'threats'?
8. What is the *Tutty* limitation to cc and bcc on emails?
9. What restrictions does *Tutty* place on use of meme templates?
10. Does *Tutty* defeat fair use protection of pictures on Facebook?

The application of *Tutty* in the instant case does shock the conscious and chills public engagement in political speech.  A more perfect union cannot be maintained if *Tutty* is not clarified.  Silence by the court leaves every citizen at risk of a raid by armed speech police triggered by the mere belief of a federal employee.  A fearful population looking over their shoulders for assault by gestapo, merely incites rebellion.

Wherefore, the undersigned and his public colleagues demand relief by clarification as to the trespass against protected speech and in defense of their Constitution.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 23 February 2017      (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

     v.

UNITED STATES OF AMERICA

Case No.  1:17SW14 Under Seal

Hon. Theresa C. Buchanan

## **REQUEST FOR COURT COPY OF PROPERTY RECEIPT**
## **RULE 41 f(1)(D)**

The undersigned requests the court give a copy of the inventory of the seized property in this matter to the undersigned, the person from whom the property was seized.

Wherefore, the court is moved to comply with this request made under rule.

Paul A. Boyne, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14 Under Seal

Hon. Theresa C. Buchanan

## REQUEST FOR TRANSCRIPTS
## RULE 41 d(2)(C)

The undersigned requests transcripts of any testimony provided in support of the
warrant issued in this case.

Paul A. Boyne, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE                           Case No.  1:17SW14 Under Seal

v.                                      Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA

## **MOTION TO TRAVERSE AFFIDAVIT & QUASH WARRANT**

The undersigned moves to traverse the affidavit of Lisa Tutty and quash the
illegally obtained warrant in this matter.

The government's claim to probable cause of a crime rested on 'tweets', emails and
a Facebook page.    The affiant failed to disclose that despite her training,
experience and belief, Judge Titus declared 18 USC §2261A(2) unconstitutional
relating to tweets and pseudonyms in political criticism of a public figure; *U.S. v
Cassidy 814 F.Supp.2d 574.*   Further, the affiant failed to disclose that the Twitter
accounts were clearly marked 'parody'.   The affiant intentionally and quite slyly
misrepresented this First Amendment protected speech as criminal activity, such
being a violation of the Fourth in obtaining a warrant.

The emails cited by the affiant were described by her clever hand in a twisted
manner to mask the true nature of the political speech therein.  The emails cited
were cc'd to over a hundred members of the state legislature and other persons

having political interest in the subject matter.  Such communications criticizing a public official acting in a public forum disseminated to the people's elected representatives does not touch upon 18 USC §875(c).

The affiant also made false representations of Facebook accounts.  She failed to disclose to the court that the allege victim had a fake fb account under the name 'Iza Zuto'.  The affiant claimed that pictures in this public domain were obtained without authorization, which is simply a lie.  Additionally, the affiant's complaint about the satiric fb page 'Liz Bozo (Anti-Christ)' was merely slick work of the affiant to make protected speech look criminal.  This fb page falls under the protection of *Cassidy* as it is a bulletin board in the same sense as Twitter and pseudonyms are still legal.

The affiant constructed the affidavit with a specific purpose of misrepresenting free speech as criminal conduct and willfully withheld all information which would provide a realistic representation of the political speech involved.  The affiant did engage in criminal conduct to obtain the warrant, with reckless disregard for the truth.  Note the following:

1. The affidavit did not establish probable cause.
2. The affidavit is defective by omission of material facts and the inclusion of willfully false erroneous and speculative information.
3. The warrant was deficient on its face in seeking 'fruits' of free speech.
4. The property seized merely contained evidence of free speech.

The court is moved to recognize the trick played on it by a crafty agent experienced in creative writing.  The court must also note AUSA Fahey's slick use of the rookie SAUSA Singer in presenting the artistic composition, defeating any proper legal scrutiny.

2

A hearing to place the affiant on the stand to expose her expertise in creative and misleading writing would be of interest.  However, the resulting transcript would serve basis for a comedy show, further undermining public confidence in courts and judges.

Wherefore, the court is moved to remedy the misconduct, criminal activity, misrepresentation, willful omissions, deprivation of rights and genuinely dishonest behavior of federal employees, by tossing out the warrant, returning seized property, destroying all copies and disciplining the federal employees involved.

Paul A. Boyne, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

PAUL A. BOYNE                                    Case No.  1:17SW14 Under Seal
                                                 Hon. Theresa C. Buchanan

      v.

UNITED STATES OF AMERICA

_____

### BRIEF IN SUPPORT OF MOTION TO TRAVERSE & QUASH

The court of *Buchanan, MJ*, has failed its duty and failed the people by ignoring

"responsibility to respect and protect persons from violation of federal constitutional rights."

*Goss v. State of Illinois, 312 F. 2d 257, 259; 7th Circuit, (1963)*.  A gaggle of state and federal

actors did conspire to bring forth a false affidavit claiming existence of criminal conduct of

interstate emotional hurt and feigned allusion to imagined threats.  At no time did these

conspirators provide an example of proscribed speech.  The government action under this case is

mere treason against the sovereign people, with the magistrate leading the charge.

Following the opinion of Judge Titus in *U.S. v Cassidy, 814 F.Supp.2d 574 (2011)*,

'tweets' are protected speech for which application of 18 USC §2261A(2) has been ruled

UNCONSTITUTIONAL, as no one is forced to look at a tweet.  The government agreed with

Judge Titus as no appeal was taken, despite the unqualified, uneducated opinions and statements

by the affiant, 'special' agent of the FBI, Jessica A. Nye.   This affiant did not identify any

examples of proscribed speech, but Mr. Cassidy was harassed and suffered deprivation of liberty by the training, experience and beliefs of a federal employee ignorant of constitutional matters, just like the instant case.

Since Judge Titus set FBI straight on the limitations of §2261A regarding public figures in public forums subject to public scrutiny, other judges have remarked similarly.  Judge D. Brock Hornby of D. Maine did write extensively in *U.S. v. Sayer (2012)* about *Cassidy* in which he cited *Hustler Magazine, Inc. v. Falwell, 485 US 46 (1988)* as a construction that 'emotional distress' of a public official on a public stage in view of a critical public is just life by protected speech no matter how vile, nasty, distasteful, sarcastic or objectionable.  If SCOTUS upholds Hustler's cartoons in a time before the internet, Twitter, Facebook, memes and email; what purpose has *Buchanan, MJ* to issue a warrant other than by wrath of tyranny against free speech?


Citing *Hustler* at 50-52:

This case presents us with a novel question involving First Amendment limitations upon a State's authority to protect its citizens from the intentional infliction of emotional distress. We must decide whether a public figure may recover damages for emotional harm caused by the publication of an ad parody offensive to him, and doubtless gross and repugnant in the eyes of most. Respondent would have us find that a State's interest in protecting public figures from emotional distress is sufficient to deny First Amendment protection to speech that is patently offensive and is intended to inflict emotional injury, even when that speech could not reasonably have been interpreted as stating actual facts about the public figure involved. This we decline to do.

At the heart of the First Amendment is the recognition of the fundamental importance of the free flow of ideas and opinions on matters of public interest and concern. "[T]he freedom to speak one's mind is not only an aspect of individual liberty — and thus a good unto itself — but also is essential to the common quest for truth and the vitality of society as a whole." *Bose Corp. v.*

*Consumers Union of United States, Inc., 466 U. S. 485, 503-504 (1984)*. We have therefore been particularly vigilant to ensure that individual expressions of ideas remain free from governmentally imposed sanctions. The First Amendment recognizes no such thing as a "false" idea. *Gertz v. Robert Welch, Inc., 418 U. S. 323, 339 (1974)*. As Justice Holmes wrote, "when men have realized that time has upset many fighting faiths, they may come to believe even more than they believe the very foundations of their own conduct that the ultimate good desired is better reached by free trade in ideas — that the best test of truth is the power of the thought to get itself accepted in the competition of the market . . . ." *Abrams v. United States, 250 U. S. 616, 630 (1919) (dissenting opinion)*.

The sort of robust political debate encouraged by the First Amendment is bound to produce speech that is critical of those who hold public office or those public figures who are "intimately involved in the resolution of important public questions or, by reason of their fame, shape events in areas of concern to society at large." *Associated Press v. Walker, decided with Curtis Publishing Co. v. Butts, 388 U. S. 130, 164 (1967) (Warren, C. J., concurring in result)*. Justice Frankfurter put it succinctly in *Baumgartner v. United States, 322 U. S. 665, 673-674 (1944)*, when he said that "[o]ne of the prerogatives of American citizenship is the right to criticize public men and measures." Such criticism, inevitably, will not always be reasoned or moderate; public figures as well as public officials will be subject to "vehement, caustic, and sometimes unpleasantly sharp attacks," *New York Times, supra, at 270*. "[T]he candidate who vaunts his spotless record and sterling integrity cannot convincingly cry 'Foul!' when an opponent or an industrious reporter attempts to demonstrate the contrary." *Monitor Patriot Co. v. Roy, 401 U. S. 265, 274 (1971)*.


In the view of the common man, no person representing themselves as a sworn law enforcement officer, U.S. Attorney or federal magistrate could be so stupid as to ignore the constitutional protections of political criticism of a public actor.  The game afoot in this case is obvious judicial retaliation by a state judge, judicial armed forces and corrupt federal agents, blessed by a constitutionally infirm magistrate.  The affiant's false affidavit is the mere tip of the iceberg of the cold dark tyranny lurking beneath, seeking to silence a free people.

3

This case is a horrific act by a secret gestapo acting within federal and state structures to defeat the Constitution and all its pesky amendments.  The First, Fourth, Fifth and Fourteenth have been obliterated by the hand of Buchanan and her flock of flying monkeys.

Paul A. Boyne, Pro Se

4

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on:  27 February 2017     (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | |
| 8105 CREEK VIEW DRIVE ) | Case. No.1:17sw14 |
| SPRINGFIELD, VA 22153, ) | UNDER SEAL |

ORDER

THIS MATTER comes before the Court on the Motion for Return
of Property Per Rule 41(g) III (Dkt. 22), Motion for
Clarification (Dkt. 23), and the Request for Court Copy of
Property Receipt Rule 41f(1)(D) (Dkt. 24). Upon consideration of
the pleadings, it is hereby

ORDERED that for the same reason as stated in the Order
dated February 13, 2017 (Dkt. 14) the Motion for Return of
Property Per Rule 41(g) III (Dkt. 22) is DENIED. Further, it is
hereby

ORDERED that Motion for Clarification (Dkt. 23) is DENIED
because there is no pending case. Further, it is hereby

ORDERED that the Request for Court Copy of Property Receipt
Rule 41f(1)(D) (Dkt. 24) is GRANTED in part and DENIED in part.
The receipt of property seized can be found at Dkt. 11. The
Request for Transcripts Rule 41d(2)(C) (Dkt. 24) is DENIED as
there was no testimony, therefore, there is no transcript to
provide. The Motion to Traverse Affidavit and Quash Warrant is

1

DENIED.

ENTERED this 6th day of March, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14 Under Seal

Hon. Theresa C. Buchanan

MAR 1 3 2017

## **INQUIRY**

The undersigned asks if the magistrate even bothered to read the government's affidavit before ordering a violation of citizen rights.  Favor of a response is in the public interest.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 11 March 2017    (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14 Under Seal

Hon. Theresa C. Buchanan

## MOTION FOR RETURN OF PROPERTY PER RULE 41(g)
## IV

The undersigned moves for a fourth time under Rule 41(g) for the return of all physical property seized by FBI Special Agent Richard Stallings' team on 19 January at 8105 Creekview Drive, Springfield, VA 22153 under pretense that free speech is now a crime.

The court has no substantive reason to allow the government to retain property. The government has held the property for over fifty days, which is 1,200 hours. Commercial copying of the data takes less than 8 hours.  Does the magistrate expect the people to believe her claim that the property must be held to allow copying?  Compromised integrity of the court notwithstanding.  Or is the court just lying to the public?

Does the magistrate truly believe the government needs more than 1,200 hours to copy a paper note book? Flash drive? Camera chip? Laptop hard drive?

The court does trespass on the Fifth Amendment and has made no effort to protect the Constitution nor its people.  The matter has become constitutionally humorous.

Wherefore, the court is moved to vacate its fabricated excuses of 13 & 21 February and of 6 March.  Request is made to order the immediate return of all physical property, as plenty of time has passed to allow even the most inept government to make a copy.  The lies at hand reflect poorly on the integrity of the magistrate and outright frightens the people by the tyranny of their own courts.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 8 March 2017     (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

IN THE MATTER OF THE SEARCH OF
8105 CREEKVIEW DRIVE
SPRINGFIELD, VA 22153

Case No. 1:17-sw-14

### GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY IV

The United States, by and through undersigned counsel, files this response in opposition to the movant's Motion for Return of Property Per Rule 41(g).

**I.      BACKGROUND**

A search and seizure warrant was authorized by this Court on January 18, 2017 for the premises located at 8105 Creekview Drive, Springfield, Virginia, 22153.  The warrant was executed the following day, January 19, 2017.  The warrant authorized agents to search for and seize several categories of items constituting fruits, instrumentalities or evidence of cyberstalking, in violation of 18 U.S.C. §2261A, or interstate communication of a threat, in violation of 18 U.S.C. §875(c), including, *inter alia,* computers or storage media and the records or information stored in them.  *See* Search Warrant, Search Warrant Application, and Affidavit in Support of Search Warrant, dated January 18, 2017.

A Motion for Return of Property under Rule 41(g) was filed *pro se* on February 6, 2017 along with a number of other *pro se* filings including a motion to unseal the matter.  The movant is a resident of the premises and was present at the time the warrant was executed by agents of the Federal Bureau of Investigation (FBI).

The Government filed a response on February 10, 2017, which set forth the governing law and the fact that there is an ongoing criminal investigation in this matter.  Dkt. No. 12.  Further, it

set forth the steps taken by the Government in regard to the seized evidence.  *See id*.  The Court

granted the movant's motion to unseal the matter and denied the Motion for Return of Property on

February 13, 2017.  Dkt. No. 14.

Approximately one week later, the movant began filing additional *pro se* requests for return

of property – he filed one on February 21, 2017, and another on February 28, 2017.  Dkt Nos. 18,

22.  The Court denied these for the reasons set forth in its ruling on February 13, 2017. Dkt. Nos.

21 25.

On March 10, 2017, the movant filed a fourth Motion for Return of Property.  Dkt. No. 27.

The motion argues that the government should have been able to copy his data by now and he

should therefore receive his property back.  *See id*.

The Government hereby files this response opposing the motion.

## II.    THE GOVERNING LAW

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the
> deprivation of property may move for the property's return. The motion must be filed
> in the district where the property was seized. The court must receive evidence on any
> factual issue necessary to decide the motion. If it grants the motion, the court must
> return the property to the movant, but may impose reasonable conditions to protect
> access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  Thus, under Rule 41(g), the court must order the return of property only if:

(1) a search is unlawful; or (2) a balancing of the interests between the parties requires it.  *See id*.

When a motion is made for the return of property before an indictment is filed, but a criminal

investigation is pending, such as is the case here, the movant bears the burden of proving that the

seizure of the property was illegal.  *See In re Grand Jury Subpoena Duces Tecum Issued to: Roe &

Roe, Inc.*, 49 F.Supp.2d 451, 453 (D. Md. 1999); *In re IBR Corp.*, 2008 WL 4482441 (W.D.

2

W.Va. 2008).  When balancing the interests of the parties, the Court must balance the

government's interest in holding the property against the owner's right to use the property. *See*

*United States v. Carter*, 859 F.Supp. 202, 204 (E.D. Va. 1994), *aff'd* 139 F.3d 424 (4th Cir.

1998).  In striking this balance, the Court need not return the property "where the government has

a 'continuing interest' in the property."  *Id.* at 205.  "And, in this regard, an ongoing criminal

investigation" has been deemed "an appropriate 'continuing interest.'"  *Id.* (quoting *Sovereign*

*News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982)); *Roe & Roe*, 49 F.Supp.2d at 453

(citations omitted); *see also United States. v. Rudisill*, 358 Fed. Appx. 421, 422 (4th Cir. 2009)

(noting a defendant's Rule 41(g) motion "may be denied if . . . the government's need for the

property as evidence continues").  Even when the government has a continuing interest in the

property, it may not hold the "property for an 'unreasonable time' without taking some action with

regard to the property."  *Carter*, 859 F.Supp. at 205 (citing *Sovereign News*, 690 F.2d at 577, and

*United States v. Premises Known as 608 Taylor Ave., Apartment 302,* 584 F.2d 1297, 1302 (3d Cir.

1978)).

III.   **ANALYSIS**

        The movant claims that approximately 1,200 hours have elapsed since the property was

seized and any inept government employee should have been able to copy his data within that

timeframe, so he wants the court to order the return of his physical property.  Dkt. No. 27 at 1.

That is not the standard by which his request is to be judged, however.  The law provides that

where the government has a continuing interest, to include an ongoing criminal investigation, the

property need not be returned.  *See Carter*, 859 F.Supp. at 205 (quoting *Sovereign News,* 690 F.2d

at 577); *Roe & Roe*, 49 F.Supp.2 at 453.  In this case, there is an ongoing criminal investigation by

the FBI into potential violations of cyberstalking, in violation of 18 U.S.C. § 2261A, and interstate

3

communication of a threat, in violation of 18 U.S.C. § 875(c), and the movant's involvement in those potential violations.  As of the date of the filing of this response, it has been approximately 79 days since the search was executed at the movant's residence.  During that time, an FBI computer forensic examiner has created mirror images of the seized computers and storage media and a forensic review process is ongoing by the FBI.  Plainly, the government has taken substantial action with the seized property in less than three months.  *Cf. Carter*, 859 F.Supp. at 205.

The movant can, and has, characterized the government, its employees, and its ongoing efforts as he wishes, but he has not and cannot demonstrate what the law requires, *i.e.,* that the government has had the property for an unreasonable amount of time without taking some action in regard to that property.  *See Carter*, 859 F.Supp. at 205 (citations omitted).  Less than three months is not an unreasonable amount of time.  This is true particularly when taking into consideration the quantity of computer storage media seized.  *See* Receipt for Prop. Seized, Dkt. No. 11.  The government's forensic examination of the computers and computer storage media is activity that is ongoing and takes time.  Likewise, the FBI's criminal investigation is continuing – not only forensically with regard to the seized items, but through other investigative methods as well.

Further, the movant has not established that his interest in the property outweighs the interest of the government conducting an ongoing criminal investigation.  He simply asserts that the government should be done copying his property by now.  *See* Dkt. No. 27 at 1-2.  When considering the need to balance the movant's interest in the seized property with the government's interest in the seized property, an ongoing criminal investigation is an appropriate continuing interest.  *Carter*, 859 F.Supp. at 205 (quoting *Sovereign News,* 690 F.2d at 577); *Roe & Roe*, 49 F.Supp.2 at 453.  Less than three months after seizing the movant's computers and storage media

4

is still an early juncture in the ongoing investigation, and with the government's prompt and continued action in regard to the several items of storage media and computers which were seized, there is much weighing in favor of the government's interest in the property and little in favor of the movant's interest.  Moreover, any return of property that would be potentially contemplated in the future must be fashioned pursuant to conditions that would protect the government's interests, including the need to access evidence and protect the evidence for use in future proceedings. There has been no acknowledgment on the part of the movant, nor any suggestion as to what such conditions could be put in place that would be serve these purposes.  The government submits that its continuing interest and continuing criminal investigation is a sufficient and appropriate basis to retain the property and opposes the movant's request for the return of items seized pursuant to a lawfully authorized search warrant.

**IV.   CONCLUSION**

At this time, for the foregoing reasons, the government opposes the movant's Motion for Return of Property Per Rule 41(g).  The movant has not met his burden of showing that the search was unlawful, or that his interest in the property outweighs the government's interest in the ongoing criminal investigation, particularly only 79 days post-seizure and in consideration of the significant steps the government has already taken with regard to the seized property.  Should the movant be able to demonstrate at a point in the future that balancing the interest of the government with the interest of the movant requires some accommodation, the government requests the opportunity to respond to any proposed conditions for addressing the interests of the government as well as the movant, protecting access to the property, and providing for its use in later proceedings.

WHEREFORE, the United States requests that the movant's motion for return of property be denied.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated:  April 7, 2017                    By: /s/_____
                                         Jennifer Singer
                                         Special Assistant United States Attorney
                                         U.S. Attorney's Office
                                         2100 Jamieson Avenue
                                         Alexandria, Virginia 22314
                                         Phone: 703-299-3759
                                         Jennifer.A.Singer@usdoj.gov

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

IN THE MATTER OF THE SEARCH OF
8105 CREEKVIEW DRIVE
SPRINGFIELD, VA 22153

Case No. 1:17-sw-14

### <u>ORDER</u>

The Court, having considered the movant's submission in regard to the "Motion for

Return of Property Per Rule 41(g) IV" and the government's submission in opposition to that

motion, hereby denies the movant's motion for return of property.


Date: _____          _____
        Alexandria, Virginia                    The Honorable Theresa Carroll Buchanan
                                                United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2017, I caused a copy of the Government's Response to

Motion for Return of Property IV to be filed with the Clerk of Court using the CM/ECF system,

which will then send a notification of such filing to all counsel of record.

I further certify that I caused a true and correct copy of the foregoing to be sent via U.S.

mail to the following:

Paul A. Boyne
8105 Creekview Dr.
Springfield, VA 22153

By:　　　　　/s/　　　　　　　
Jennifer A. Singer
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | |
| 8105 CREEK VIEW DRIVE | ) | Case. No.1:17sw14 |
| SPRINGFIELD, VA 22153, | ) | UNDER SEAL |
|  | ) | |
|  | ) | |

ORDER

THIS MATTER comes before the Court on the Motion for Return of Property Per Rule 41(g) IV. (Dkt. 27.) Upon consideration of the pleadings, it is hereby

ORDERED that the Motion for Return of Property is DENIED. The Government is conducting an ongoing investigation and therefore must retain the property seized pursuant to the lawfully authorized search warrant. Movant may renew his request for the return of property after six (6) months from the date of this Order if it is appropriate at that time.

ENTERED this 10th day of April, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 APR 12   A 11: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14

Hon. Theresa C. Buchanan

---

## **MOTION FOR RETURN OF PROPERTY PER RULE 41(g)**
## **V**

The undersigned moves for a fifth time under Rule 41(g) for the return of all physical property seized by FBI Special Agent Richard Stallings' team on 19 January at 8105 Creekview Drive, Springfield, VA 22153.

The court of Buchanan, J., ruled, seized property be held to facilitate 'mirror imaging' of the storage media.  See Buchanan, J. order of 2.13.  To wit:

> *...the Motion for Return of Property per Rule 41(g) (Doc. 7) is DENIED, pending mirror imaging.*

SAUSA Jennifer A. Singer, the rookie, concedes imaging is complete.  To wit:

> *"...an FBI computer forensic examiner has created mirror images of the seized computers and storage media..."(p.4, 4.7 filing).*

The government has no cause to retain hardware nor a paper notebook in its contrived criminal investigation of free speech.  The search warrant sought electronic data as fruits of political speech.  See *Cassidy, 814 F.Supp.2d 574.*  It is irrelevant whether the search was lawful, unlawful, playful, spiteful or downright rude.  Rule 41(g) allows a person aggrieved by deprivation of his iTunes library to demand its return.  The rookie Singer falsely and stupidly misrepresents the rule as

only to allow return of property from an unlawful search.  She is foolishly unable to differentiate between the copied data and the irrelevant hardware.

The hardware is not specified in the search warrant as fruit.  Jennifer Singer, Esq. does trespass the Fifth Amendment, as the government never claimed that the undersigned is a criminal for possessing laptops, camera cards, thumb drives or a paper notebook.  The court merely conspires to defeat the Constitution at the request of unscrupulous government actors.   The government remains free to investigate anything it wants, but does not need my property.  SAUSA Singer and her pals are just conspirators to public harassment and deprivation of rights; deprivation of iTunes library and irreparable harm of suffering with the same iPod playlist, notwithstanding.

It is incredulous to believe Singer's drivel that having copied the data, the government needs the hardware and paper notebook to continue its cyber investigation.  She is just lying; even a fifth grader can explain it.

Wherefore, the court, having been notified by the government that mirror imaging is complete must order the immediate return of property.

Paul A. Boyne, Pro Se

# **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE_____
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 11 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE                               Case No.  1:17SW14

v.                                          Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA

APR 1 4 2017

CLE...

## **MOTION TO VACATE**

The undersigned moves to vacate the order of Buchanan, J. issued on 4.10.

The cause to hold seized property does not turn on the government's criminal investigation to free speech.  There is no temporal aspect to holding the hardware and paper notebook.  The arbitrary six month bar to court access in addressing this issue is an unconstitutional act of judicial retaliation.

The government acknowledged that the targeted data has been copied, there remains no investigative necessity to hold the hardware from which it was seized.

Wherefore, the court, acting in conspiracy to undermine the Constitution has cause to vacate its incompetent order.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE_____
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 12 April 2017  (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14

Hon. Theresa C. Buchanan

## **MOTION FOR CLARIFICATION**

The undersigned moves the court to clarify its ridiculously variant orders regarding return of seized property.  Clarification required by the public to understand the mental defects and constitutional failures of nutty court behavior.  Absent clarification, the suspicious judicial conduct does shock the conscience, frightens the people, undermines public confidence in the court, questions the integrity of the judge and chills political speech.

The nub of the issue is the return of property that was seized to obtain stored data. The legal problems arose when Buchanan, J. issued a search warrant without reading the application.  The public is well aware of this judicial practice which fails "to respect and protect persons from violation of federal constitutional rights." *Goss v. Illinois 312 F.2d 257, 259*.  Buchanan, J. would rather please an incompetent rookie prosecutor than uphold the rights of the people.

The court ordered on 2.13, that the property, including the paper notebook, be held by the government until the storage media could be copied.  To wit:

> ...*the Motion for Return of Property per Rule 41(g) (Doc. 7) is DENIED, pending mirror imaging.*

The simple folk of the republic, a.k.a. *we the people*, take the plainly written order to mean that the government's interest in holding the property rests in the necessity to copy data from the internal media and will return the property, including the paper

notebook, when copying is complete.  The court upheld its ruling in two successive requests under Rule 41(g) in orders of 2.21 and 3.6.  On the fourth request, made after the government had held the property for two months, Buchanan, J. popped a new reason to hold the hardware and paper notebook.  The new order of 4.10, claims that the government interest abruptly changed as it no longer needs to hold the property for copying, but as long as the government feigns a criminal investigation into free speech of the people, it must hold the irrelevant hardware and paper notebook.  Such a curious modification to the previous orders, does shock the public conscience.  To wit:

> *The government is conducting an ongoing investigation and therefore must retain the property [including paper notebook] seized pursuant to the lawfully authorized search warrant.*

Additionally, Buchanan, J. adds a judicial twist, which implicitly bars the movant from accessing the court for a period of six months.  The strange prose reads:

> *Movant may renew his request for return of property after six (6) months from the date of this Order if it is appropriate at that time.*

The simple folk interpret this poor prose, issued without hearing, to mean that the judge abhors rights and privileges in violation of 42 USC §1983, being the hallmark of a tyrant.  Further, the appropriateness of 10 October is so vague as to be meaningless.  Just a foolish way for the judge to cover up her error in issuing a search warrant seeking fruits of free speech, along with a Fifth & Fourth Amendment violations.

In clarifying the matter, the judge could just admit she was hoodwinked by the government's false application seeking speech not proscribed by law, admit she never read the application, admit the government's evidence of political speech is not probable cause and that there is no legality in the government's holding the hardware, the paper notebook or the iTunes library.  Honesty being virtue of justice.

As Buchanan, J. claims in the most recent order that the search warrant was lawfully authorized, she can certainly clarify how her failure to read the application upholds lawful authorization.  It is of public interest, if the judge can cite one example of proscribed speech or 'threat' in FBI Tutty's sworn pile of insinuations. After all, without clarification, how can the little people know what they are allowed to say of barbaric overlords?

The government acknowledged in filing dated 4.7 that the target data has been copied.  There remains no investigative necessity to hold the hardware from which it was extracted, nor the paper notebook.  Clarification is required as to the evidentiary value of the hardware and paper notebook.  The computers are not contraband, nor fruits; but simply instruments for freedom of expression.  Surely the judge can clarify how the hardware will be used to prosecute political speech, which she is employed to protect by oath.

Prior to issuing her clarification the good judge should READ the wise words of Justice Brennan and consider the speech she conspires to inhibit.

> *Speech concerning public affairs is more than self-expression; it is the essence of self-government.  The First and Fourteenth Amendments embody our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.*
> *Garrison v. Louisiana,  379 U.S. 64, 74 (1964).*

Wherefore, the court, acting in conspiracy to undermine the First, Fourth and Fifth Amendments has cause to explain why property is held awaiting copying prior to 4.10, but after this magic date, the 'new' cause is an ongoing investigation into free speech.  Clarification also required as to evidence of proscribed speech and the evidentiary value of computer hardware, storage media and a paper notebook.

Paul A. Boyne, Pro Se

3

# **PROPOSED CLARIFICATION**

The court hereby clarifies the matter of the instant case:

1.   There is no probable cause of criminal activity found in the affidavit of insinuations filed in application by FBI's Lisa Tutty.

2.   The magistrate did not read the application prior to issuing the warrant, making such unlawful.

3.   The case *U.S. v Cassidy 814 F. Supp. 2d 574* eliminates the FBI's cause to investigate 'tweets' directed at a public figure.  The DOJ never appealed *Cassidy* and the case will not be retried here.  Free speech prevails.

4.   The withholding of personal computer hardware and a paper notebook having no evidentiary value nor legal purpose is mere harassment and a constitutional violation.

5.   The action of the FBI is nothing more than retaliation brought by Connecticut Judicial actors through the state 'fusion center', upset by vile criticism of a controversial family court judge.  A cause which the federal court cannot condone.

6.   The rookie SAUSA Jennifer Singer has conspired with federal and state actors to violate constitutional protections of a citizen.  She is unsupervised and holds no expertise in matters of free speech.

7.   The federal court cannot entertain the complaint of state judge Elizabeth Bozzuto that photos she freely placed in the public domain on Iza Zuto Facebook page have been misused in a criminal manner.  The federal court does not recognize any privacy protections under the public access settings of the Iza Zuto account.

8. Depriving a citizen access to his iTunes library is a deprivation of rights and constitutes irreparable harm at the hand of a vindictive government.

9. The government concedes its false action as *@nuttiestjudge* twitter account has not been attacked as criminal activity and continues tweeting in the same manner as described in the previously filed search warrant application. The federal court cannot be a party to such a charade by unscrupulous government actors in attacking the First Amendment.

10. Government agents, including the affiant Tutty admitted to the movant on 1.19 that there were no threats made, it was just concern for 'escalating memes'. This material fact was withheld from the court by Singer and Tutty in application for warrant. The court holds no definition of escalating memes nor finds probable cause of criminal conduct in such subjective escalation. The court cannot participate in governmental attacks on political speech at the behest of a state judge.

11. Upon proper review of the warrant application, the court clarifies its actions as a mistake.

12. The court clarifies that caustic and vile expressions, attacking public officials acting in public forum cannot be labeled cyber stalking by government actors attempting to chill political speech. Public scrutiny of public actors is a First Amendment protection, which will not be challenged here.

Date: _____
Alexandria, Virginia

_____
The Honorable Theresa C. Buchanan
United States Magistrate Judge

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 13 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION TO VACATE II**

The undersigned moves again to vacate the order of Buchanan, J. issued on 4.10 and return property per court order of 2.13 as the government has made its copy.

The search was unlawful as Buchanan, J. never read the warrant application. She abandoned her judicial duty, ignored the Constitution and allowed the government to proceed under tyranny of fabricated probable cause, with SUASA Singer's willful assistance. FBI Tutty's application is notably devoid of evidence of criminal speech, but replete with sworn insinuations and innuendo.

There is probable cause that the undersigned engaged in protected political speech. There is no 'smoking gun' to be found in forensic analysis of a computer. All is known. All fruits of the protected speech are in the public domain. There is no ongoing investigation.

The feds feign investigative necessity, but state actors knew the identity of the political pundit in August of last year as stated by Attorney Norm Pattis in Connecticut Law Tribune article "Attack of the Sad Sack Scribbler" where the 'scribbler's' identity was known to law enforcement. See attached article on 'jihadist screed'.

The cause to search and seize property does not turn on the government's fabricated criminal investigation of expression by political critics . There is no temporal aspect to holding the hardware and paper notebook.  The government has no interest to prohibit access to an iTunes library.  There is no balance of interests where unscrupulous government actors conspire with courts to chill political expression.  Tyranny cannot triumph.  The arbitrary six month bar to court access in addressing this issue is an unconstitutional act of judicial retaliation being a mere coverup to misconduct by Buchanan, J.

Wherefore, the court, acting in conspiracy to undermine the Constitution has necessity to vacate its incompetent order and return the property immediately.  The joke is over.

Paul A. Boyne, Pro Se

cc:    Jennifer A. Singer, SAUSA Eastern District Virginia
       Deirdre M. Daly,  USA, District of Connecticut

# Attack of the SadSack Scribbler

The Connecticut Law Tribune

Norm Pattis, Esq.

August 2, 2016



In case you didn't get the memo or, more to the point, read the tweet, I am to be pitied:   "Poor guy," it reads, "does not realize he is one itchy finger away from judicial annihilation." I assume it is about me as it accompanies a photograph of me.

injunctive relief in federal court, taking the case all the way to the U.S. Court of Appeals before having to throw in the towel.

I have sued lawyers for engaging in alleged unfair and unscrupulous practices in the family courts.

I am representing on appeal a litigant convicted of a crime for threatening a judge, although, in my view, the client uttered no such threat.

I've burned bridges and made enemies, and, I like to think, I'm no wallflower when it comes to attacking folks who take stances that hurt my clients. So I think I understand a little bit about the fighting, anger, disappointment and disaffection that the family courts yield.

But I've never been moved to disgust by what I've seen. Until now.

I have a decision to make. I know who the author is. I have an address for him. I could sue for false lights but, candidly, that simply would give him a broader forum from which to spew his hatred, and would waste my time. If I got a judgment, would the dirty money be worth the chase?

Courts are places of heartache and pain. Rarely, however, do the litigants declare open war on the participants. Sadly, we've come to such a point in Connecticut in the family courts. I see no end in sight to the bitterness and rage. And I've resigned myself to being used as a tool of other people's purposes.

It's enough to make me want to stay out of the family court altogether. If the writer of this swill had any principles worth respecting, he would come back to Connecticut, face his charges, and wage a fight under his own name, rather than using the names of others.

That, apparently, would be asking too much, and that, sadly, tells you all you need to know about this sadsack scribbler.

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 17 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

6

I will be dispatched by flying monkeys, you see. I'll be permitted to tilt at windmills for only so much longer. Then the Judicial Branch will snap. "Judges dispatch SWAT flying monkeys," you see, the branch "silences critics, dogs' lives don't matter. SWAT shoots first, no questions."

I guess I should sit up nights worrying.

But I'm not. Silly me.

What I am is furious.

I would never have seen these postings had a reporter not called me to let me know that someone was tweeting my photograph with hostile and defamatory memes superimposed on them.

I've been conscripted to endorse the view that a certain judge is an idiot, she is a child predator, a racist. I've been conscripted to endorse the view that another judge abuses little boys. Other posts assert that various judges are child rapists. Jesus himself gives the finger to viewers, and poses with an AK47.

Some of this material is defamation per se.

Who would waste their time writing this bitter swill?

It didn't take me long to find out. The writer resides out of state, is rumored to have an active warrant out for his arrest in Connecticut, and believes himself to be aggrieved by the family court system. He counsels others on how to wage war on a "corrupt" system.

I reached out to the writer through an intermediary to ask that my image be removed from his jihadist screed.

Here is the response, posted the next day on the Twitter account, superimposed, of course, on the photograph of a doctor: "Here's your prescription for getdafukoverit for your butthurtitis. I'm also going to recommend you stay off the internet and cut down on your breathing."

I've litigated any number of claims involving high conflict post judgment divorces.

As a result, I've had the chance to meet people with real grievances against the court system. I've filed suit against one judge, seeking

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br>8105 CREEKVIEW DRIVE<br>SPRINGFIELD, VA 22153 | Case No. 1:17-sw-14 |

**GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY V**

On April 12, 2017, the movant filed a Motion for Return of Property Per Rule 41(g).  The

United States, by and through undersigned counsel, hereby notifies the Court that under the

particular circumstances of this case, and based upon the facts currently known to counsel, the

government does not oppose the movant's motion.  The decision not to oppose the motion does not

constitute a concession that the movant has met his burden of showing that the search was

unlawful, or that his interest in the property outweighs the government's interest in its ongoing

criminal investigation.  *See In re Grand Jury Subpoena Duces Tecum Issued to: Roe & Roe, Inc.*,

49 F.Supp.2d 451, 453 (D. Md. 1999); *In re IBR Corp.*, 2008 WL 4482441 (W.D. W.Va. 2008).

WHEREFORE, the United States does not oppose the movant's motion for return of property and

moves the Court to deny as moot the remaining pending motions.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated:  April 27, 2017

By: /s/_____
Jennifer Singer
Special Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

IN THE MATTER OF THE SEARCH OF
8105 CREEKVIEW DRIVE
SPRINGFIELD, VA 22153

Case No. 1:17-sw-14

## <u>ORDER</u>

The Court, having considered the movant's "Motion for Return of Property Per Rule 41(g) V" and the government's non-opposition to that motion, hereby grants the movant's motion for return of property and denies as moot the remaining pending motions.

Date: _____

_____
Alexandria, Virginia

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 27th day of April, 2017, I caused a copy of the foregoing to

be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of

such filing to all counsel of record.

I further certify that I caused a true and correct copy of the foregoing to be sent via U.S.

mail to the following:

Paul A. Boyne
8105 Creekview Dr.
Springfield, VA 22153

By:     _____/s/_____
Jennifer A. Singer
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF )<br>8105 CREEK VIEW DRIVE )<br>SPRINGFIELD, VA 22153, )<br>)<br>) | Case. No.1:17sw14<br>UNDER SEAL |

ORDER

THIS MATTER comes before the Court on the Motion for Return of Property Per Rule 41(g) V. (Dkt. 31.) Upon consideration of the pleadings, it is hereby

ORDERED that the Motion for Return of Property is GRANTED. Further, this is hereby

ORDERED that movant's remaining pending motions, Motion to Vacate (Dkt. 32), Motion for Clarification (Dkt. 33), and Motion to Vacate II (Dkt. 34), are DENIED as moot.

ENTERED this 27th day of April, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED
MAIL ROOM

MAY − 3 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## MOTION FOR DESTRUCTION

The undersigned moves the court to order the destruction of all fruits of the poisonous tree obtained by fraudulent acts of FBI Lisa Tutty and her barbaric overlords in the instant case.

At the direction of her masters, FBI Lisa Tutty penned forty pages of intentionally misleading statements of fact which failed to establish probable cause of proscribed speech.  She failed to provide one tidbit of prose that lacks constitutional protection.  USMJ Theresa C. Buchanan, failing to read the ink ladened cellulose, relied upon the twenty six years of dubious training and experience of the affiant along with a wink and a nod from rookie SAUSA Jennifer A. Singer as cursory cause to search for fruits of protected speech.

FBI Tutty lacks any experience or training in matters of protected speech.  Her Connecticut supervisors, in reckless disregard to the law and agency procedures failed to properly inspect her application.  SAUSA Singer, as equally untrained in

matters of First Amendment protections or narrowness of proscribed speech, lacked training in criminal matters and acted without proper oversight. Singer was left unsupervised by AUSA Jonathan Fahey who, with culpable negligence, allowed her to run amok in the halls of justice allowing the court to be played by Connecticut nutmegs in abuse of power to execute vengeance and retaliation by unscrupulous state actors based on a feigned criminal compliant of wretched state judge Elizabeth Bozzuto, who believes she is so above the law as being beyond political criticism.

In Connecticut it is forbidden to speak ill of the overlords. Critics will be sought out, harassed and punished. When evil state actors are constrained by borders, or state judges refuse to entertain complaints of free speech, the willing federal players are summoned to extend their master's reach. Deirdre Daly, Sarah Merriman, Joan Margolis, Anastasia King nor a grand jury could reach the undersigned, so Lisa Tutty was sent on an interstate mission; executed with perfect legal deception. Fahey and Singer duped by the masterful trickery of this Connecticut special agent failed to question the validity of the agent's quest of the targeted resident of Virginia, nor did the magistrate.

The FBI did falsely obtain electronic data from cell phones, storage media, hard drives, along with photos of the premises and recorded notes from personal interviews, all being tainted fruit of the poisonous tree. Given the government holds no compelling interest in chilling political criticism, the court lacked cause to authorize the search, necessitating fruit destruction in protection of the Constitution and its people. The FBI barbaric overlords lack authority to hold such ill gotten private information.

The magistrate and attorneys have the power to prevent further wrongs as described in 42 USC §1986; requested destruction being a statutory obligation. Fahey and Singer failed to conduct themselves uprightly or according to law and did not support the Constitution; simple, willful violation of their official oaths. Buchanan, J. did not discharge or perform her incumbent duties faithfully or impartially under the Constitution and laws of the United States and is in need of God's help. The people hold no tolerance for such official dereliction of duty and will have their remedy. The court has duty to protect citizens from the wrath of tyrants; sic semper tyrannis.

Wherefore, the court is moved to clean up its unconstitutional mess, created by failing of judicial duty, failing to scrutinize clever insinuations and innuendo, failing to identify probable cause, so violating the Constitution, so violating the rights of citizens and therefore, the court must order the immediate and complete destruction of every such copied bit of data, photos taken, notes made and audio/video recordings presently held by the government obtained from such unlawful activity. Such destruction to be personally verified and sworn to the court by USA Boente himself.

Paul A. Boyne, Pro Se

cc:  Jonathan Fahey, AUSA Eastern District Virginia
     Deirdre M. Daly,  USA, District of Connecticut

3

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: <u>29 April 2017</u>  (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No. 1:17SW14 ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## MOTION FOR CLARIFICATION & DISPLACEMENT

In public interest, the undersigned moves the court to clarify its game in the instant matter and displace the offenders..

On 18 January, USA Dana Boente dispatched rookie SAUSA Jen Singer to trick USMJ Theresa C. Buchanan into issuing a search warrant for the alleged crime of free speech. Buchanan, J. played along with the charade, not bothering to scrutinize forty pages of sworn innuendo and insinuation penned by FBI Lisa Tutty. The feigned underlying criminal complaint was butthurt by pathetic Connecticut family court judge, Elizabeth Bozzuto. A mere victim of political commentary. On 19 January the Constitution was violated when seven armed flying monkeys of the FBI raided a private residence, in the land south of the Emerald City seeking fruits of free speech. The monkeys flew off with two computers, some flash drives and a paper notebook, claiming they found prized fruits of a crime.

From 1.19 to 4.26, the monkey's counsel claimed the prize was so precious that it must be held at the evil witch's castle to extract the damning criminal evidence of

free speech.  Buchanan, J. upheld the primate's claim, until 4.27 when monkey counsel suddenly shrieked: *"counsel, hereby notifies the Court that under the particular circumstances of this case, and based upon the facts currently known to counsel"* the monkeys will return the ill gotten prize.

 The public is curious as to the nature of the 'particular circumstances' of this case and more pointedly 'facts currently known' to monkey's counsel.  The prose implies that the monkeys and counsel concealed some substantive 'facts' from the court at the start of this game.  Counsel now admits knowledge of monkey malfeasance which tricked Buchanan, J. into committing a constitutional violation.  Said trickery is not 'moot' as monkey counsel pleads and the court ruled on 4.27.  Said trickery is a grave concern to the Lollipop Guild, the Lullaby League and all the sovereign people of Munchkin Land.

Wherefore, the court, well aware of the monkey's behavior, has cause to drop a house on the offenders, expose the tyranny, reveal the man behind the curtain, uphold the Constitution, apply sanctions and act in a manner to please Glinda, the good witch of the south.

Paul A. Boyne, Pro Se Munchkin

cc:    Jonathan Fahey, AUSA Eastern District Virginia
       Deirdre M. Daly,  USA, District of Connecticut

2

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 28 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -4  A ᖌ 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION TO COMPEL**

The undersigned moves the court to compel the government to immediately return
seized property as ordered by Buchanan, J. on 4.27 (Dkt. 36).  The court did grant
motion for 'immediate return' (Dkt. 31), which SAUSA Singer did not oppose.

The FBI and AUSA Fahey were notified on 4.27 that delivery by FedEx to the case
captioned address by 4.29 was acceptable to the movant.  As of 5.3 the property
has not been returned.

On 5.2, FBI Beau Bourgeous, #18808, demanded the undersigned appear at D.C.
field office on 5.5 to retrieve property.  FBI relies on an undisclosed 'procedure' to
override the court order to return the property.

Wherefore, the court is moved to compel the government to return the property to
the place from where seized, in compliance with the court order and Rule 41(g).

Paul A. Boyne, Pro Se

cc:  AUSA Fahey

# **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: <u>4 May 2017</u>  (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

2

**FILED**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -4  A 9 22

LERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## MOTION FOR CONTEMPT

The undersigned moves the court to find the government in contempt of court order of 4.27 (Dkt. 36) which granted movant's motion of immediate return of property (Dkt. 31).

On 5.2, FBI Bourgeois, #18808 informed the undersigned that the government would not return the property as ordered.  FBI refuses such return to the premises from which it was seized, but demands that the undersigned appear to him outside the Eastern District of Virginia on 5.5 to retrieve same.  ASA Fahey has been provided notice of FBI refusal to comply with court order.

Wherefore, the court is moved to find the government in contempt of court for willful and deliberate refusal to comply with the order of the court.

Paul A. Boyne, Pro Se

cc: AUSA Fahey

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)


Signature of Pro Se Party


Executed on: <u>4 May 2017</u>   (Date)


Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 MAY -4  A 9 24

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION TO RECUSE**

The undersigned strongly suggests that in the interest of justice, it is high time for the Hon. Theresa C. Buchanan to recuse herself from this matter, as it is now common knowledge that she never read the application/affidavit for search warrant, never established probable cause, abandoned judicial duty, failed her oath of office and threw citizens under the anarchy bus driven by government terrorists.

Given that there is evidence of criminal conduct by unscrupulous government subversives, the matter needs to be assigned to a real federal judge; one who understands the meaning of an oath, is faithful to the law, protects the public interest, protects rights of the people, upholds the integrity of the court, who will defend the Constitution against domestic enemies and can clean up this mess.

Wherefore, Buchanan, J. is asked to recuse herself and the matter be reassigned to a real judge.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 30 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 MAY -4   A 9: 24

ᴸERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE                     Case No.  1:17SW14  ~~Under Seal~~

v.                                Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA            

## **MOTION FOR DISCLOSURE**

The undersigned moves the court to order disclosure by the U.S. Attorney of the "facts currently known to counsel" as declared in the government's 4.27 filing. The abrupt change in attitude regarding return of seized property does raise eyebrows.

The U.S. Attorney pleads that it is the movant's 'burden' to prove that the search was unlawful.....challenge accepted!!

There is an odorous stench of criminal conduct seeping from of the court file. A deceptive affidavit of twisted application seeking the pen of protected political speech is the steamer on top of the rookie's pile of governmental excrement. Presence of the rookie is itself a red flag as it provides plausible deniability to the culpable man behind the curtain.

The court is well aware of its own error or failing to read the affidavit and lacking probable cause to release armed flying monkeys on the movant and others. The court now has duty to understand the reported difference in facts between 4.10 and 4.27. What are the current facts and what were the previous facts upon which

USA Dana J. Boente relied to bring this action?  There is reason and belief that the current facts satisfy the 'burden' to prove that the search was unlawful and that a crime was committed before Buchanan, J. on 1.18.

Additionally, the people's interest is peaked as to the government's interest in a feigned "ongoing criminal investigation" into free speech of several unnamed persons allegedly connected to the movant.  The government admits that its agents have been investigating criminal conduct of political speech since August 2014, with no indictments, arrests or prosecutions; betraying any legal cause or true relation to law enforcement.

The court is moved to sniff the aroma of the case file, question how so many highly trained, experienced professionals can conspire to violate the First, Fourth, Fifth and Fourteenth Amendments, obtain Buchanan's judicial approval, conduct an unconstitutional raid, terrorize citizens, seize meaningless property, hold same absent indictment or arrest, then do an about face, upon a revelation which came between the rookie's filing of 4.10 and the reversed filing of 4.27.  Scrutiny of these facts in a public forum is a right under the First, as the source of the odor is likely criminal.

Wherefore, the court is moved to order disclosure by U.S. Attorney of all known 'facts' on this case.

Paul A. Boyne, Pro Se


cc:   Jonathan Fahey, AUSA Eastern District Virginia
      Deirdre M. Daly,  USA, District of Connecticut

2

## CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: 30 April 2017  (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|                                 |   |                       |
|---------------------------------|---|-----------------------|
| IN THE MATTER OF THE SEARCH OF  | ) |                       |
| 8105 CREEK VIEW DRIVE           | ) | Case. No.1:17sw14     |
| SPRINGFIELD, VA 22153,          | ) | UNDER SEAL            |
|                                 | ) |                       |
|                                 | ) |                       |

## ORDER

IT IS hereby

ORDERED that since movant Paul Boyne regularly travels to this courthouse to file pleadings, he may pick up his property from the FBI on Tuesday, May 9, 2017 at 12:00 p.m. in the lobby of the US Attorney's office at 2100 Jamieson Avenue, Alexandria, VA 22314. Further, it is hereby

ORDERED that movant's remaining pending motions, Motion to Destruction (Dkt. 37), Motion for Clarification and Displacement (Dkt. 38), Motion to Compel (Dkt. 39), Motion for Contempt (Doc. 40), Motion to Recuse (Doc. 41), and Motion for Disclosure (Doc. 42)are DENIED as moot.

ENTERED this 5th day of May, 2017.

/s/

Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -8 A 10: 55

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.   1: CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Hon. Theresa C. Buchanan

### **MOTION TO VACATE III**

*Constitutional Violations Are Not Moot*

The undersigned moves to vacate the order (Dkt. 43) of Buchanan, J. issued on 5.5 as constitutional violations do not render matters 'moot' as she foolishly wishes to believe. The judge being a witness and a participant in rights deprivation by constitutional trespass cannot sweep away her faults by alluding to mootness. Docket items 37, 38, 39, 40, 41 and 42 are of grave constitutional importance and only a fool or a traitor would consider them 'moot'.

Criminal conduct of federal and state actors in a federal courtroom is simply not 'moot'. The motions must be heard so that the integrity of the court can be repaired, despite Buchanan's desire to avoid the unpleasant consequences.

Wherefore, the court, acting in conspiracy to undermine the Constitution has necessity to vacate its incompetent order of mootness. The joke is not funny.

Paul A. Boyne, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2017 MAY -8  A 10: 55

CLERK US DISTRICT COURT
ALEXANDRIA VIRGINIA Seal

PAUL A. BOYNE                    Case No.

v.                              Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA            

## **MOTION FOR INQUIRY**

*Constitutional Violations Are Not Moot*

The undersigned asks if the magistrate even bothered to read the government's affidavit before ordering a violation of citizen rights. Favor of a response is in the public interest.

Wherefore, the aforementioned presented in the public interest and to uphold the integrity of the court, the Magistrate is asked to simply admit she never read the application/affidavit for warrant nor made a finding of probable cause of criminal activity.

Paul A. Boyne, Pro Se

FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 MAY -8  A 10: 55

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

 

## **MOTION FOR DESTRUCTION II**

*Constitutional Violations Are Not Moot*

The undersigned again moves the court to order the destruction of all fruits of the poisonous tree obtained by fraudulent acts of FBI Lisa Tutty and her barbaric overlords in the instant case.

At the direction of her masters, FBI Lisa Tutty penned forty pages of intentionally misleading statements of fact which failed to establish probable cause of proscribed speech.  She failed to provide one tidbit of prose that lacks constitutional protection.  USMJ Theresa C. Buchanan, failing to read the ink ladened cellulose, relied upon the twenty six years of dubious training and experience of the affiant along with a wink and a nod from rookie SAUSA Jennifer A. Singer as cursory cause to search for fruits of protected speech.  Singer also made public statements that USAO VA ED was only acting on direction from USAO Connecticut and applying no legal review or scrutiny.

FBI Tutty lacks any experience or training in matters of protected speech. Her Connecticut supervisors, in reckless disregard to the law and agency procedures failed to properly inspect her application. SAUSA Singer, as equally untrained in matters of First Amendment protections or narrowness of proscribed speech, lacked training in criminal matters and acted without proper oversight. Singer was left unsupervised by AUSA Jonathan Fahey who, with culpable negligence, allowed her to run amok in the halls of justice allowing the court to be played by Connecticut nutmegs in abuse of power to execute vengeance and retaliation by unscrupulous state actors based on a feigned criminal compliant of wretched state judge Elizabeth Bozzuto, who believes she is so above the law as being beyond political criticism.

In Connecticut it is forbidden to speak ill of the overlords. Critics will be sought out, harassed and punished. When evil state actors are constrained by borders, or state judges refuse to entertain complaints of free speech, the willing federal players are summoned to extend their master's reach. Deirdre Daly, Sarah Merriman, Joan Margolis, Anastasia King nor a grand jury could reach the undersigned, so Lisa Tutty was sent on an interstate mission; executed with perfect legal deception. Fahey and Singer duped by the masterful trickery of this Connecticut special agent failed to question the validity of the agent's quest of the targeted resident of Virginia, nor did the magistrate.

The FBI did falsely obtain electronic data from cell phones, storage media, hard drives, along with photos of the premises and recorded notes from personal interviews, all being tainted fruit of the poisonous tree. Given the government holds no compelling interest in chilling political criticism, the court lacked cause to authorize the search, necessitating fruit destruction in protection of the

Constitution and its people.  The FBI barbaric overlords lack authority to hold such ill gotten private information.

The magistrate and attorneys have the power to prevent further wrongs as described in 42 USC §1986; requested destruction being a statutory obligation. Fahey and Singer failed to conduct themselves uprightly or according to law and did not support the Constitution; simple, willful violation of their official oaths. Buchanan, J. did not discharge or perform her incumbent duties faithfully or impartially under the Constitution and laws of the United States and is in need of God's help.  The people hold no tolerance for such official dereliction of duty and will have their remedy.  The court has duty to protect citizens from the wrath of tyrants; *sic semper tyrannis*.

Wherefore, the court is moved to clean up its unconstitutional mess, created by failing of judicial duty, failing to scrutinize clever insinuations and innuendo, failing to identify probable cause, so violating the Constitution, so violating the rights of citizens and therefore, the court must order the immediate and complete destruction of every such copied bit of data, photos taken, notes made and audio/ video recordings presently held by the government obtained from such unlawful activity.  Such destruction to be personally verified and sworn to the court by USA Boente himself.

Paul A. Boyne, Pro Se

3

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

?011 MAY -8  A 10: 55

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION TO RECUSE II**

*Constitutional Violations Are Not Moot*

The undersigned strongly suggests that in the interest of justice, it is high time for
the Hon. Theresa C. Buchanan to recuse herself from this matter, as it is now
common knowledge that she never read the application/affidavit for search
warrant, never established probable cause, abandoned judicial duty, failed her oath
of office and threw citizens under the anarchy bus driven by government terrorists.
Further, she foolishly believes constitutional violations by the government against
citizens creates mootness in the instant matter.

Given that there is evidence of criminal conduct by unscrupulous government
subversives, constitutional violations and other despicable acts, the matter must be
assigned to a real federal judge; one who understands the meaning of an oath, is
faithful to the law, protects the public interest, protects rights of the people, upholds

the integrity of the court, who will defend the Constitution against domestic enemies such as Buchanan, J.

Wherefore, Buchanan, J. is asked to recuse herself and the matter be reassigned to a real judge.

Paul A. Boyne, Pro Se

FILED

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 MAY -8  A 10: 55

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION FOR CLARIFICATION & DISPLACEMENT II**

*Constitutional Violations Are Not Moot*

In public interest, the undersigned moves the court to clarify its game of trickery in the instant matter and displace the offenders..

On 18 January, USA Dana Boente dispatched rookie SAUSA Jen Singer to trick USMJ Theresa C. Buchanan into issuing a search warrant for the alleged crime of free speech. Buchanan, J. played along with the charade, not bothering to scrutinize forty pages of sworn innuendo and insinuation penned by FBI Lisa Tutty. The feigned underlying criminal complaint was butthurt by pathetic Connecticut family court judge, Elizabeth Bozzuto. A mere victim of political commentary. On 19 January the Constitution was violated when seven armed flying monkeys of the FBI raided a private residence, in the land south of the Emerald City seeking fruits of free speech. The monkeys flew off with two computers, some flash drives and a paper notebook, claiming they found prized fruits of a crime.

From 1.19 to 4.26, the monkey's counsel claimed the prize was so precious that it must be held at the evil witch's castle to extract the damning criminal evidence of free speech. Buchanan, J. upheld the primate's claim, until 4.27 when monkey counsel suddenly shrieked: *"counsel, hereby notifies the Court that under the particular circumstances of this case, and based upon the facts currently known to counsel"* the monkeys will return the ill gotten prize.

The public is curious as to the nature of the 'particular circumstances' of this case and more pointedly 'facts currently known' to monkey's counsel. The prose implies that the monkeys and counsel concealed some substantive 'facts' from the court at the start of this game. Counsel now admits knowledge of monkey malfeasance which tricked Buchanan, J. into committing a constitutional violation. Said trickery is not 'moot' as monkey counsel pleads and the court ruled on 4.27. Said trickery is a grave concern to the Lollipop Guild, the Lullaby League and all the sovereign people of Munchkin Land.

It is now known that USAO ED VA, the monkey's counsel, was not providing legal services, but merely doing a favor for the wicked witches of the northlands of USAO Connecticut. Such abandonment of duty to the citizen guilds of the Eastern District is culpable negligence, abandonment of duty, abuse of office, misconduct, violation of oath and must be punished.

Wherefore, the court, well aware of the monkey's behavior, has cause to drop a house on the offenders, expose the tyranny, reveal the man behind the curtain, uphold the Constitution, apply sanctions and act in a manner to please Glinda, the good witch of the south.



Paul A. Boyne, Pro Se Munchkin

FILED

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -8 A 10: 55

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

Case No. 1:17SW14 ~~Under Seal~~

v.

Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA

  

## __MOTION FOR CLARIFICATION OF RULE 41(g)__

*Constitutional Violations Are Not Moot*

The undersigned on behalf of the people and for the benevolent benefit of at least one law school professor, asks the court to clarify the meaning of the word 'return' as used in Federal Rules of Criminal Procedure 41(g). To wit: 'If it grants the motion, the court must <u>return</u> the property'. See below.

*(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, <u>the court must return the property to the movant</u>, but may impose reasonable conditions to protect access to the property and its use in later proceedings.*

Merriam-Webster provides the following definitions of the verb 'to return':

**Definition of return**

**Intransitive Verb**

1.  **a :** to go back or come back again *return* home
    **b :** to go back in thought, practice, or condition **:** revert

2.  **:** to pass back to an earlier possessor

3.  **:** reply, retort

**Transitive Verb**

1.  **a :** to give (something, such as an official account) to a superior
    **b** *British* **:** to elect (a candidate) as attested by official report or returns
    **c :** to bring back (something, such as a writ or verdict) to an office or tribunal

2.  **a :** to bring, send, or put back to a former or proper place
    **b :** to restore to a former or to a normal state

3.  **a :** to send back **:** visit —usually used with *on* or *upon*
    **b** *obsolete* **:** retort

4.  **:** to bring in (profit) **:** yield

5.  **a :** to give or perform in return **:** repay *return* a compliment; *also* **:** to respond to in kind *returned* his calls
    **b :** to give back to the owner
    **c :** reflect *return* an echo

6.  **:** to cause (something, such as a wall) to continue in a different direction (as at a right angle)

**7.** **:** to lead (a specified suit or specified card of a suit) in response to a partner's earlier lead

**8.** **a :** to hit back (a ball or shuttlecock)
**b :** to run with (a football) after a change of possession (as by a punt or a fumble)

The undersigned suggests that the appropriate definition applicable to the rule is the transitive verb form meaning to bring, send, or put back to a former or proper place. There is no English language definition which suggests 'return' means to come and pick up from the lobby of the US Attorney's office. Without judicial clarification, the people are unable to determine if Buchanan, J. is in willful violation of federal rules.

Wherefore, the aforementioned presented, being that the 'court must return the property to the movant', Buchanan, J. is asked to clarify the precise English meaning of the word 'return' as used to describe the court's duty in Rule 41(g).

Paul A. Boyne, Pro Se

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -8  A 10: 55

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE                              Case No.  1:17SW14  ~~Under Seal~~

v.                                         Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA                  

## **MOTION FOR DISCLOSURE II**

*Constitutional Violations Are Not Moot*

The undersigned moves the court to order disclosure by the U.S. Attorney of the
"facts currently known to counsel" as declared in the government's 4.27 filing.  The
abrupt change in attitude regarding return of seized property does raise eyebrows.

The U.S. Attorney pleads that it is the movant's 'burden' to prove that the search
was unlawful…..challenge accepted!!  The court has duty to sniff out unlawful
conduct before it.

There is an odorous stench of criminal conduct seeping from of the court file.  A
deceptive affidavit of twisted application seeking the pen of protected political
speech is the steamer on top of the rookie's pile of governmental excrement.
Presence of the rookie is itself a red flag as it provides plausible deniability to the
culpable man behind the curtain.

The court is well aware of its own error or failing to read the affidavit and lacking
probable cause to release armed flying monkeys on the movant and others.  The

court now has duty to understand the reported difference in facts between 4.10 and 4.27. What are the current facts and what were the previous facts upon which USA Dana J. Boente relied to bring this action? There is reason and belief that the current facts satisfy the 'burden' to prove that the search was unlawful and that a crime was committed before Buchanan, J. on 1.18.

Additionally, the people's interest is peaked as to the government's interest in a feigned "ongoing criminal investigation" into free speech of several unnamed persons allegedly connected to the movant. The government admits that its agents have been investigating criminal conduct of political speech since August 2014, with no indictments, arrests or prosecutions; betraying any legal cause or true relation to law enforcement.

The court is moved to sniff the aroma of the case file, question how so many highly trained, experienced professionals can conspire to violate the First, Fourth, Fifth and Fourteenth Amendments, obtain Buchanan's judicial approval, conduct an unconstitutional raid, terrorize citizens, seize meaningless property, hold same absent indictment or arrest, then do an about face, upon a revelation which came between the rookie's filing of 4.10 and the reversed filing of 4.27. Scrutiny of these facts in a public forum is a right under the First, as the source of the odor is likely criminal.

Wherefore, the court is moved to order disclosure by U.S. Attorney of all known 'facts' on this case.

Paul A. Boyne, Pro Se

2

**FILED**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division     2017 MAY -8  A 10: 54

ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE                              Case No.  1:17SW14  ~~Under Seal~~

v.                                        Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA

## MOTION FOR CLARIFICATION III
*Constitutional Violations Are Not Moot*

In public interest, the undersigned moves the court to clarify its order of 5.5, (Dkt. 43).

How exactly does the court have power to 'summon' a person to the USAO lobby? No parties are joined in suit, there is no original action filed, no service.  It appears that Buchanan, J. is acting beyond law and outside of court Rules.  Explanation is required.

How does the court use FedEx for overnight delivery of one piece of paper to the movant's doorstep on a Saturday morning, but cannot deliver the property with the same delivery service?  Harassment?  Abuse?  Child's play?

How does Buchanan, J. relate filing of paper at the courthouse with ability to transport property?  Is the judge denying ADA accommodations as well? Discriminating against persons without cause?  Is Rule 41(g) exempt from federal American with Disability Act requirements?  Is Buchanan, J. above the ADA law?

FBI Bo Bourgeois #18808 has already denied accommodation request on behalf of the government, does Buchanan, J. do the same?

What compelling interest does the court have to force the movant to appear before the FBI's terrorist speech gestapo to have his property returned? Is this Buchanan's passive aggressive form of judicial retaliation to by intentional infliction of emotional distress upon a citizen who called her out for constitutional violations? There is no legal purpose for the movant to be in the same room as the FBI. What is Buchanan's game?

The government and Buchanan, J. conspired with seven armed flying monkeys to raid a private residence seizing fruits of free speech at the request of terrorists in Connecticut. The court has granted motion for return under Rule 41(g) and must return the property to the movant. Rule does not say for movant to 'retrieve' his property, nor does the rule necessitate the aggrieved having to look upon the government terrorists as a condition of having his property returned.

Wherefore, the court is asked to clarify why it is playing games, making improper summons, failing to comply with Rule, violating ADA law, inflicting emotional distress, engaging in judicial retaliation and generally harassing a citizen over the protected right of free speech? Seriously, the court has duty to explain its anti-American conduct at the hand of a vindictive magistrate.

Paul A. Boyne, Pro Se

2

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY -8 A 10: 54

.ERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

Case No. 1:17SW14 ~~Under Seal~~

v.

Hon. Theresa C. Buchanan

UNITED STATES OF AMERICA

  

## **MOTION TO VACATE IV**

*Constitutional Violations Are Not Moot*

The undersigned moves to vacate the order (Dkt. 43) of Buchanan, J. issued on 5.5 as no evidence was presented in court upon which she relies, being another constitutional violation from her personal dungeon of tyranny.

Buchanan, J. magically made a finding of fact, to wit: "movant Paul Boyne regularly travels to this courthouse to file pleadings". Such finding, absent hearing is clearly a product of courthouse gossip rather than due process. Justice Holmes is not pleased:

*The undeviating rule of this Court was expressed by Mr. Justice Holmes over half a century ago in Patterson v. Colorado, 205 U. S. 454, 462 (1907):*

*"The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."*

*Sheppard v. Maxwell, 384 US 333; 351 (1966)*

Wherefore, the court, again acting in conspiracy to undermine the Constitution, in violation of a century old precedent, has necessity to vacate its baseless order. The court has previously ordered the 'return' of property and shall enforce the court rule that "the court must return the property to the movant". Delivery, by the court, to the premises where taken is prescribed by rule. The magistrate's game of ordering a citizen not joined in suit to appear at a government facility is mere childish judicial harassment.

Paul A. Boyne, Pro Se

  

## **CERTIFICATION**
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 8 May 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com



# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No. 1:17SW14 ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION FOR DISCLOSURE**

The undersigned moves the court to order disclosure by the U.S. Attorney of the "facts currently known to counsel" as declared in the government's 4.27 filing. The abrupt change in attitude regarding return of seized property does raise eyebrows.

The U.S. Attorney pleads that it is the movant's 'burden' to prove that the search was unlawful…..challenge accepted!!

There is an odorous stench of criminal conduct seeping from of the court file. A deceptive affidavit of twisted application seeking the pen of protected political speech is the steamer on top of the rookie's pile of governmental excrement. Presence of the rookie is itself a red flag as it provides plausible deniability to the culpable man behind the curtain.

The court is well aware of its own error or failing to read the affidavit and lacking probable cause to release armed flying monkeys on the movant and others. The court now has duty to understand the reported difference in facts between 4.10 and 4.27. What are the current facts and what were the previous facts upon which

USA Dana J. Boente relied to bring this action?  There is reason and belief that the current facts satisfy the 'burden' to prove that the search was unlawful and that a crime was committed before Buchanan, J. on 1.18.

Additionally, the people's interest is peaked as to the government's interest in a feigned "ongoing criminal investigation" into free speech of several unnamed persons allegedly connected to the movant.  The government admits that its agents have been investigating criminal conduct of political speech since August 2014, with no indictments, arrests or prosecutions; betraying any legal cause or true relation to law enforcement.

The court is moved to sniff the aroma of the case file, question how so many highly trained, experienced professionals can conspire to violate the First, Fourth, Fifth and Fourteenth Amendments, obtain Buchanan's judicial approval, conduct an unconstitutional raid, terrorize citizens, seize meaningless property, hold same absent indictment or arrest, then do an about face, upon a revelation which came between the rookie's filing of 4.10 and the reversed filing of 4.27.  Scrutiny of these facts in a public forum is a right under the First, as the source of the odor is likely criminal.

Wherefore, the court is moved to order disclosure by U.S. Attorney of all known 'facts' on this case.

Paul A. Boyne, Pro Se

cc:    Jonathan Fahey, AUSA Eastern District Virginia
       Deirdre M. Daly,  USA, District of Connecticut

2

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 30 April 2017   (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION TO RECUSE**

The undersigned strongly suggests that in the interest of justice, it is high time for the Hon. Theresa C. Buchanan to recuse herself from this matter, as it is now common knowledge that she never read the application/affidavit for search warrant, never established probable cause, abandoned judicial duty, failed her oath of office and threw citizens under the anarchy bus driven by government terrorists.

Given that there is evidence of criminal conduct by unscrupulous government subversives, the matter needs to be assigned to a real federal judge; one who understands the meaning of an oath, is faithful to the law, protects the public interest, protects rights of the people, upholds the integrity of the court, who will defend the Constitution against domestic enemies and can clean up this mess.

Wherefore, Buchanan, J. is asked to recuse herself and the matter be reassigned to a real judge.

Paul A. Boyne, Pro Se

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: <u>30 April 2017</u>  (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
                              )
IN THE MATTER OF THE SEARCH OF  )
8105 CREEK VIEW DRIVE           )    Case. No.1:17sw14
SPRINGFIELD, VA 22153,          )    UNDER SEAL
                              )
                              )
```

ORDER

THIS MATTER comes pursuant to the Court's order dated May 5, 2017. (Dkt. 43.) It has come to the Court's attention that the movant failed to retrieve his property as ordered. It is hereby,

ORDERED that the seized items will be shipped back to movant. Further, as this matter will now be closed, all pending motions: Motion to Vacate III, Motion for Inquiry, Motion for Destruction II, Motion to Recuse II, Motion for Clarification and Displacement II, Motion for Clarification of Rule 41(g), Motion for Disclosure II, Motion for Clarification III, Motion to Vacate IV, Motion for Disclosure, and Motion to Recuse (Dkts. 44-54) are DENIED.

ENTERED this 11th day of May, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## MOTION TO VACATE V
*Constitutional Violations Are Not Moot*

The undersigned moves to vacate the order (Dkt. 55) of Buchanan, J. issued on 5.11 which states "as this matter will now be closed".  The court has no cause to 'close' the matters of judicial misconduct, constitutional violations, FBI fraud upon the court and prosecutorial misconduct.  Nice try, but barbaric efforts to sweep the fruits of tyranny under the judicial carpet do not go unnoticed.  Docket items 44-54 cannot be denied as the matter is held open by the constitutional violations committed by the magistrate and her fellow federal employees.  Persons aggrieved by the unlawful search warrant have cause and privilege to prove the raid of 19 January was unlawful and that all fruits need be returned and copies destroyed.

Wherefore, the court, again acting in conspiracy to undermine the Constitution, in violation of citizens rights, by violation of judicial oath, has necessity to vacate its baseless order of denial (Dkt. 55) and formally address all motions filed by interested parties.

Paul A. Boyne, Pro Se

  

## **CERTIFICATION**
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on:  15 May 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com



# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

---

PAUL A. BOYNE

  v.

UNITED STATES OF AMERICA

---

Case No.  1:17SW14  ~~Under Seal~~

Hon. Theresa C. Buchanan

  

*Constitutional Violations Are Not 'Moot'*

## MOTION TO COMPEL II

The court has failed to return the seized property as ordered by Buchanan, J. under Rule 41(g) on 4.27 (Dkt. 36). Specifically, items 8, 9, 10 & 11 listed on property receipt Dkt. 11, page 9, page id#79 were not returned. Attached is the return receipt provided on delivery of property on 5.19.

Wherefore, the court has duty under rule to return the seized property as ordered and must compel the FBI to comply with the court order, despite AUSA Fahey's obstruction.

Paul A. Boyne, Pro Se

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # ___9E-NH-7274619___

On (date) _____5/16/2017_____

item(s) listed below were:
☐ Received From
☑ Returned To
☐ Released To
☐ Seized

(Name) ___Paul Boyne___

(Street Address) ___8105 Creekview Dr.___

(City) ___Springfield, VA___

Description of Item(s):

1 - Apple Laptop s/n CO2MPROOSFR1M
1 - SanDisk 32 GB SD Card
1 - Transcend external hard drive
3 - SD cards / Flash drives
1 - Red notebook
1 - 4 flash drives
1 - Dell Laptop s/n 42642191413

BB Nothing further BB

Received By: _____
(Signature)

Received From: ___Sent via Fed Ex  5/16/17___
(Signature)    15:32

  

## **CERTIFICATION**
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on:  20 May 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com



# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No. 1:17SW14 ~~Under Seal~~

Hon. Theresa C. Buchanan

  

## **MOTION FOR ADMISSION**
### *Constitutional Violations Are Not Moot*

The undersigned moves the court to admit that USMJ Buchanan found no probable cause to issue a search warrant in application by FBI Lisa Tutty.

The unscrupulous FBI agent, acting by personal vendetta and in conspiracy with treasonous state actors of Connecticut did solely claim that her experience and training gave rise to the foundation of probable cause in violation of the Fourth Amendment.

The dubious training and deficient constitutional experience of Tutty do not suffice to create probable cause. A badge, gun and an attitude is not probable cause to shred the Constitution or suppress political speech. It is obvious that Buchanan never read the application and that AUSA Jonathan Fahey failed to disclose material information of *Cassidy, 814 F.Supp.2d 574,* in violation of the Fourth Amendment. USDOJ was party to *Cassidy,* where another FBI agent's training and experience failed the constitutional test of free speech as ruled by Judge Roger Titus of D. Maryland.

The public has cause to know and the court has duty to reveal that Buchanan never found probable cause to issue a warrant in search of free speech. Attacks on the First Amendment by federal courts are frightening and chilling matters requiring public scrutiny and exposure. Federal statues 42 USC § §1983, 1985, 1986 apply.

Wherefore, the court, having acted in conspiracy to undermine the Constitution, in violation of citizens rights, by violation of judicial oath, has necessity, in the interests of justice to admit Buchanan never found probable cause to issue a search warrant.

Paul A. Boyne, Pro Se

  

## CERTIFICATION
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on:  12 July 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

MJ Theresa C. Buchanan

  


JUL 2 5 2017
CLERK U.S. ____ ____RT
____ ____ ____

## **MOTION FOR SANCTIONS**
*Constitutional Violations Are Not Moot*

The undersigned moves the court to sanction players in this case for violation of
the First and Fourth Amendments, in violation of the people's constitutional rights
and violation of personal oaths of office.

## The First Amendment provides that:

*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise
thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to
assemble, and to petition the Government for a redress of grievances.*

The First Amendment limits the government's ability to impose liability on speech
critical of the conduct of public officials. See *New York Times v. Sullivan, 376 U.S. 254
(1964)* (civil); *Garrison v. Louisiana, 379 U.S. 64 (1964)* (criminal).  In the landmark
case of *New York Times v. Sullivan*, the U.S. Supreme Court applied the First
Amendment to civil defamation statutes. The *New York Times* rule "prohibits a
public official from recovering damages for a defamatory falsehood relating to his
official conduct unless he proves that the statement was made with 'actual



malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *376 U.S. at 279-80.*

This rule extended to criminal defamation statutes. In *Garrison v. Louisiana*, the U.S. Supreme Court held that the government is constitutionally limited in its power "to impose criminal sanctions for criticism of the official conduct of public officials." *379 U.S. at 67.* The scope of constitutionally protected criticism of public officials encompasses "anything which might touch on an official's fitness for office," including "personal attributes" such as "dishonesty, malfeasance, or improper motivation." *Id.* at 77.

In short, the First Amendment constitutionally bars the government from criminally punishing speech about public officials, regardless of the intent motivating the speech. The First Amendment also bars government officials from abridging the freedom of speech by illegal FBI raids feigning search and seizure of imagined criminalized laptops, thumb drives and paper note pads. Adverse governmental action against the undersigned in retaliation for the exercise of protected speech is simply terrorism.

As *New York Times* and *Garrison* make plain, speech about the conduct of public officials enjoys wide and robust protection under the First Amendment; a point lost on this court and its childish players.



## The Fourth Amendment provides that:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The Fourth Amendment establishes that "a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). When the search warrant lacks the necessary probable cause to support it, the warrant does not meet the requirements of the Fourth Amendment.

Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade, 470 F.3d 1104, 1109 (5th Cir. 2006).* Where the facts and circumstances would not lead a prudent person to believe that a search warrant will uncover evidence of a *crime*, probable cause does not exist. *Cf. Perry v. Sheahan, 222 F.3d 309, 317 (7th Cir. 2000).* Possession of a laptop and a pad of paper is not criminal.

The search warrant sought by FBI Lisa Tutty(Kline); issued by MJ Theresa C. Buchanan relies on the dubious training and deficient constitutional experience of a bottom tier agent. No prudent fifth grader could find that a search would produce anything other than the evidence of exercising rights to protected speech. The undersigned's speech having the equal constitutional protection of Mr. Cassidy's speech in *U.S. v Cassidy, 814 F.Supp.2d 574.*



Wherefore, the aforementioned constitutional protections restated for the benefit of the incompetent court, *We the people* having cause to account the unscrupulous players; to uphold the integrity of the court; to defend the Constitution; sanctions be applied as follows.

1.  AUSA Jonathon Fahey, suspension of practice in federal court for one year, fine of not less than $10,000, write entire text of First and Fourth Amendments 241 times on the blackboard.  Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

2.  AUSA Jennifer A. Singer, suspension of practice in federal court for one year, fine not less than $10,000, write entire text of First and Fourth Amendments 241 times on the blackboard.  Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

3.  FBI Lisa Tutty(Kline), fine of not less than $10,000, permanent bar to entering federal court, permanent surrender of service weapon.  Publish in Washington Post and the Hartford Courant a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

4.  USA Dana J. Bonte, mandatory retirement, suspension of law license, fine of not less than $10,000.  Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.



5.  MJ Theresa C. Buchanan, mandatory retirement, suspension of law license, fine of not less than $10,000.  Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

Paul A. Boyne, Pro Se



  

  

## CERTIFICATION
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE_____
Name of Pro Se Party (Print or Type)

*[signature]*

Signature of Pro Se Party

Executed on:  24 July 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com

6

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

MJ Theresa C. Buchanan

  

## **MOTION FOR COPIES**

The undersigned moves the court to order the FBI to produce copies of two hard drives seized by order of Buchanan, MJ on 19 January.  Specifically, a copy of the MacBook and Dell laptops as government induced damage has caused loss of data.

The FBI falsely represented to the court that fruits of crimes were contained on the hard drives.  The FBI claimed it had expertise in extracting said fruits.  In reality, the FBI geeks did not possess the knowledge nor tools to remove and properly reinstall the drives without damage to the devices.  Such damage causing a loss of data, personal property, of the undersigned.

A simple and reasonable remedy to the government induced damage caused by unconstitutional act authorize by terroristic magistrate, is for the FBI to provide the undersigned with a copy of the drives which were made in the course of the forensic investigation.  The data of necessity are the documents, photos, downloads and iTunes library.  Complete drive image is preferred.



Wherefore, the government having caused harm to the undersigned, having lack of expertise in dismantling laptops, having been the sole cause of the loss of personal data, is asked to provide a copy of the said drives as remedy for its technically incompetent actions executed under the color of law and by unconstitutional search and seizure.

Paul A. Boyne, Pro Se

  

  

## CERTIFICATION
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on: <u>23 August 2017</u> (Date)

Service address for Pro Se Party:
8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:
571 318 0080

Email for Pro Se Party:
paboyne@gmail.com



U.S. MARSHALS
INSPECTED

U.S. COURTHOUSE

401 COURTHOUSE SQ

ALEXANDRIA, VA

22314

FILING

22314-570499



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE                           Case No.  1:17SW14  ~~Under Seal~~

v.                                      MJ Theresa C. Buchanan

UNITED STATES OF AMERICA                  

## **MOTION FOR CLARIFICATION**
*inappropriate*

The undersigned moves the court to clarify, articulate or otherwise explain what is appropriate and what is inappropriate.  The court of Buchanan, MJ holds secret standards in supplement to Federal Rules of Procedure, which must be disclosed.

The public is denied access to the court for form of pleading when an uneducated paper pusher employed to scan papers into digital format decides that the First Amendment holds an 'appropriateness' clause.  The public is unaware that filing procedures can be terminated by the inappropriate opinion of a federal employee of no legal training or certification.

The public must now formally present the question of what is 'inappropriate' under the Rules in the kangaroo court of Buchanan, MJ.

1.  Is it 'inappropriate' for a magistrate to issue a search warrant in pursuit of free political speech?



2. Is it 'inappropriate' for a magistrate to issue a search warrant without reading the application?

3. Is it 'inappropriate' for a magistrate to order the seizure of personal property because the government does not like the person's speech, expression or other First Amendment protections?

4. Is it 'inappropriate' for a lowly magistrate to ignore the ruling of Judge Titus in *U.S. v Cassidy*?

5. Is it 'inappropriate' for a lowly magistrate to authorize the deployment of armed flying monkeys to raid a private residence seeking fruits of free political speech?

6. Is it 'inappropriate' for a magistrate to violate the First, Fourth, Fifth and Fourteenth Amendments with one signature?

7. Is it 'inappropriate' for a magistrate to ignore properly filed pleadings by inappropriate use of discretion, in violation of her oath of office?

8. Is it 'inappropriate' for a magistrate to fail to address false affidavits filed by unscrupulous federal actors?

9. Is it 'inappropriate' for a magistrate to fail to identify probable cause?

10. Is it 'inappropriate' for a magistrate to refuse to admit she failed to identify probable cause?

11. Is it 'inappropriate' for a magistrate to fail to protect the rights of citizens?

12. Is it 'inappropriate' for the public to refer to Buchanan, MJ as a constitutional terrorist?

13. Is it 'inappropriate' for the public to classify Buchanan, MJ as a domestic enemy of the Constitution?



14. Is it 'inappropriate' for a magistrate to harass a citizen by not promptly ordering the return of illegally seized property, per Rule 41(g)?

15. Is it 'inappropriate' for a magistrate to twist Rule 41(g) to mean 'come and get it'?

16. Is it 'inappropriate' for the public to widely disseminate information that Buchanan, MJ uses federal funds to defeat the rule of law?

17. Is it 'inappropriate' for the public to consider Buchanan, MJ a traitor?

18. Is it 'inappropriate' that the court accepts filings of light skinned fingers but refuses to file dark skinned fingers?

19. Is it 'inappropriate' that Buchanan, MJ discriminates against pleading fingers based on race?

20. Is it 'inappropriate' that Buchanan, MJ only allows filings of white supremiscist fingers?

21. Is it 'inappropriate' that colored monkeys can be filed but black fingers cannot?

22. Is it 'inappropriate' that there is no public definition or examples of what is 'inappropriate' in the local rules?

23. Is it 'inappropriate' to ask the court what is 'appropriate'?

24. Is it 'inappropriate' to deny access to the court in light of the expressed prohibition stated in Federal Rules of Criminal Procedure 57(a)(2)?

25. Is it 'inappropriate' for the public to claim deprivation of rights by Buchanan, MJ who fails to support and defend the Constitution; a criminal act under 18 USC §242.

26. Is it 'inappropriate' for Buchanan, MJ to deny public access to the court without published judicial order?



27. Is it 'inappropriate' for Buchanan, MJ to run a court on whim, rather than the rule of law?

Wherefore, the court of Buchanan, MJ having created an undefined standard of filings being 'inappropriate' based on skin color, toner, pigment, ethnicity, national origin, the public asks the court to clarify what is 'inappropriate' and conversely what is 'appropriate' in the star chamber of the traitorous magistrate.

Paul A. Boyne, Pro Se

MJ Buchanan is inappropriate
MJ Buchanan is inappropriate
MJ Buchanan is inappropri
MJ Buchanan is inapprop

imgflip.com



  

## **CERTIFICATION**
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party

Executed on:  23 August 2017 (Date)

Service address for Pro Se Party:
8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:
571 318 0080

Email for Pro Se Party:
paboyne@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN THE MATTER OF THE SEARCH OF )
8105 CREEK VIEW DRIVE )
SPRINGFIELD, VA 22153 )
)  Case. No. 1:17sw14
)  UNDERSEAL

ORDER

This matter came before the Court on several motions filed by petitioner Paul A. Boyne. Although the matter was closed by order dated May 11, 2017, petitioner has filed a Motion to Vacate V (Doc. 56), Motion to Compel II (Doc. 57), Motion for Sanctions (Doc. 59), Motion for Clarification (Doc. 62), Motion for Copies (Doc. 61), and Motion for Admission (Doc. 58.)

As to the Motion for Copies (Doc. 61) and Motion to Compel II (Doc. 57), petitioner must file an administrative claim with the appropriate government agency in order to obtain civil relief. As to the remaining motions, since this case is closed, the petitioner must file an appeal with the United States Court of Appeals for the Fourth Circuit.

Therefore, the Motion to Vacate V (Doc. 56), Motion for Sanctions (Doc. 59), Motion for Clarification (Doc. 62), Motion for Copies (Doc. 61), Motion to Compel II (Doc. 57), and Motion for Admission (Doc. 58) are DENIED.

ENTERED this 29th day of August, 2017._____/s/_____

Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia



MAILROOM

SEP 1 4 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

MJ Theresa C. Buchanan

  

## **MOTION FOR COPIES III**

The undersigned moves the court to order the FBI to produce copies of two hard drives seized by order of Buchanan, MJ on 19 January.  Specifically, a copy of the MacBook and Dell laptops as government induced damage has caused loss of data.

The FBI falsely represented to the court that fruits of crimes were contained on the hard drives.  The FBI claimed it had expertise in extracting said fruits.  In reality, the FBI geeks did not possess the knowledge nor tools to remove and properly reinstall the drives without damage to the devices.  Such damage causing a loss of data, personal property, of the undersigned.

A simple and reasonable remedy to the government induced damage caused by unconstitutional act authorize by terroristic magistrate, is for the FBI to provide the undersigned with a copy of the drives which were made in the course of the forensic investigation.  The data of necessity are the documents, photos, downloads and iTunes library.  Complete drive image is preferred.



Contrary to the miscreant magistrate's drivel on order [65] of 29 August, there are no administrative procedures of any government agency to order the FBI to return the seized property per order of the court, neither does the irrelevant term 'closed' apply to the instant matter. The order [36] to return the property included returning the data that was contained within the seized hardware. The government/FBI has failed to return such data as ordered by the court. The undersigned has standing to have the order to return property [36] enforced. Motion to return property [31] was granted by the court on [36]. AUSA Jon Fahey has failed to comply with this order. The seized data remains in the possession of the FBI, inventory so filed at [11] where only the court has power to force this terroristic organization to comply with the order of the court to compel its return, lest the court abandon all semblance of legitimacy.

An order to the government to produce copies of the missing data is a simple remedy to the governmental incompetence and court misconduct which has caused the loss of personal data; deprivation of property without due process. There is no cause to bother the Fourth Circuit with an appeal for the incompetence of a lowly magistrate who can't spell l-a-w; remedy being instantly available from a real federal judge in the Alexandria courthouse.

Failure to return all property seized as ordered at [36] reduces the magistrate to a mere thief, a common criminal, miscreant and constitutional terrorist.

Note the movant finds cause that MJ Buchanan recuse herself from this matter due to her willful criminal conduct under 18 USC §2071, while in custody of a lawfully



filed pleading, on or about 22 August, did remove said pleading, requiring her disqualification and forfeiture of office.

Wherefore, the government having failed to return seized property as ordered at [36], having lack of expertise in dismantling laptops, having been the sole cause of the loss of personal data, the court is asked to provide a copy of the said drives as simple remedy for its technically incompetent actions executed under the color of law and by unconstitutional search and seizure.  Be so ordered by proper judicial authority, other than MJ Buchanan.

Paul A. Boyne, Pro Se

MJ BUCHANAN IS A COMMON THIEF
MJ BUCHANAN IS A COMMON THIEF
MJ BUCHANAN IS A COMMON THIEF
MJ BUCHANAN IS A COMMON TH

imgflip.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| PAUL A. BOYNE,<br>        Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)  Case No. 1:17-sw-14<br>)<br>)<br>)<br>) |

ORDER

THIS MATTER came before the Court on Petitioner Paul A. Boyne's Motion for Copies III.

The clerk returned copies of this motion because Petitioner included an obscene hologram on the certification page. For that reason, the Court hereby directs the clerk to file the certification page under seal.

The Court denied a motion seeking the same relief on August 29, 2017 (Dkt. 65). Therefore, this motion is DENIED as moot. Further, the undersigned denies Petitioner's request that she recuse herself.

Petitioner seems to also seek review of the Court's decisions by a District Judge prior to appeal to the Fourth Circuit. In order to obtain such review, Petitioner must file an appropriate motion clearly stating that he objects to the Court's prior orders and seeks review by a District Judge.

Lastly, it has come to the Court's attention that Petitioner has repeatedly attempted to file inappropriate pleadings with an obscene picture or hologram. Despite return of the pleadings and communication by the clerk's office that the obscene picture must be removed, Petitioner has continued to ignore the clerk's office directions, thus taxing the resources of the Court. Therefore, the clerk's office is hereby directed to dispose of any further pleadings from Petitioner with an obscene picture or hologram without filing and without return to Petitioner.

ENTERED this 18th day of September, 2017.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 SEP 25 P 12: 31

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

MJ Theresa C. Buchanan

  

## **MOTION FOR ARTICLE III JUDGE DE NOVO REVIEW**

The undersigned moves for an Article III tribunal review of magistrate misconduct and unconstitutional acts in the instant case executed under color of a false search warrant application.

Specifically, the undersigned request review of the following:

1.   MJ Buchanan found no probable cause recited in the application for warrant.

2.   The FBI failed to document a probable cause by the affiant.  Non-specific opinion based on a federal employee's dubious 'training & experience' is not probable cause in the legal sense; Fourth Amendment violation.

3.   The FBI and USDOJ failed to conform to the ruling of Judge Roger W. Titus, D. Maryland in controlling case, *U.S. v Cassidy, 814 F.Supp. 2d 574 (2011).* USDOJ and FBI were parties and prosecutors to the exact claim brought in the instant case, yet ignored it and did not present it to the court for consideration in application of warrant.  The warrant application presented was the exact



template used in *Cassidy*, where probable cause was established on claim of the agent's dubious 'training and experience'.

4. MJ Buchanan failed to comply with Rule 41 (g) in 'return' of the property. Her demand that the owner 'come and get it', is not rooted in Rule.

5. MJ Buchanan has failed to ensure the seized property was returned as ordered. Government's failing to return all seized property is ignored by Buchanan, making her a conspirator in deprivation of right under 18 USC §241, along with AUSA Fahey and SA Tutty; seized data remains withheld from the undersigned.

6. Return of pleadings delivered to the clerk, received and held in custody of the court is a violation of 18 USC § 2071 by the court employees.

7.  Denial of access to the court is not remedy for claim of defect in form of pleading; rather it is judicial terrorism.

8. Pro Se Certification Form required by local rule is a violation of Fourth Amendment and is not a legal requirement to obtain access to the court absent retained counsel. The vagueness of the claim that 'no attorney has prepared or assisted in preparation' creates an unconstitutional standard.

9. There is no SCOTUS case law that holds a watermark of a finger on a pissant court form is 'obscene'.

10. The locally required Pro Se Certification Form is an improper form of regulation requiring citizens to police members of the Bar who may be violating the rules of the court. Unrepresented citizens do not become court police officers in exercising rights to use the court. There are lots of attorneys



in the world, citizens protected by the First Amendment have every right to consult with any of them, all of them or none of them.  It is of no business of the court.

11. Sanctions are required against AUSA Fahey, AUSA Singer and USA Dana J. Boente for conspiring with FBI to present a defective application for warrant to the court.

12. The Article III tribunal has cause to confirm that MJ Buchanan never read the warrant application presented on 18 January.  She just signed it without review, freely abandoning duties of her office and betraying her oath.

13. Discovery should be allowed and disclosure required to determine the 'new' information obtained by AUSA Singer which caused her to reverse opinion and agree to return the seized property.  Such information was not disclosed to the court when Singer withdrew her objection to the return of seized property.

14. MJ Bucahanan order [70] of 18 September requiring the clerk to dispose of pleadings with 'obscene picture or hologram' is unconstitutional based on vagueness; violates First Amendment by prior restraint, confers censorship powers upon the clerk; violates equal protection as similar filings are made in other districts without fuss or judicial retaliation.

15. MJ Buchanan's order [70] is criminal conduct upon execution under 18 USC §2071.

16. A de novo review of all motions denied by MJ Buchanan be held, with proper hearing to allow public testimony and opportunity to call witnesses and present evidence of magistrate misconduct and unconstitutional acts.



Wherefore, the aforementioned presented for review by Article III tribunal in defense of the Constitution, protection of rights and in check of tyranny.

Paul A. Boyne, Pro Se

  

  

## <u>NON CERTIFICATION</u>
*Pro Se Abuse*

Although there are no obscene pictures or holograms[1] contained in this pleading; I cannot declare under penalty of perjury that:

*No attorney has prepared nor assisted in the preparation of this document.*

No certification regarding involvement of others can be made as there are several persons who can be called attorneys, private attorney general or similar who are reviewing and commenting on the misconduct of MJ Buchanan, giving rise to this motion.

PAUL A. BOYNE
Name of Pro Se Party (~~Print~~ or Type)

Signature of Pro Se Party
Executed on: <u>22 September 2017</u> (Date)

Service address for Pro Se Party:
8105 Creekview Drive
Springfield, VA. 22153
Phone, with voice mail for Pro Se Party:
571 318 0080
Email for Pro Se Party:
paboyne@gmail.com

-------------------

[1] http://www.dictionary.com/browse/hologram?s=t

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA 2017 SEP 25 P 12: 31
Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No.  1:17SW14  ~~Under Seal~~

MJ Theresa C. Buchanan

  

## **MOTION FOR CLARIFICATION**
*Appeal to Fourth Circuit*

The undersigned moves the court to clarify its curious order [69] which states:

*..the petitioner must file an appeal with the United States Court of Appeals for the Fourth Circuit.*

It is of great due process curiosity as to how the matter of judicial misconduct of MJ Buchanan is brought to the Fourth Circuit under such order by a person not joined in suit.  Is the magistrate sending the public on a goose chase?  Is the magistrate attempting to avoid scrutiny by a real judge of the federal court?

The court holds no purpose in making public statements contrary to the federal rules of practice; such being judicial misconduct.

Wherefore, clarification be provided for the benefit of the public and the Fourth Circuit.

Paul A. Boyne, Pro Se

FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2017 SEP 25 P 12:26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PAUL A. BOYNE

Case No.  1:17SW14  ~~Under Seal~~

v.

MJ Theresa C. Buchanan

UNITED STATES OF AMERICA

  

## MOTION TO UNSEAL
[69]

The undersigned moves the court to unseal the sealed document listed at [69] on the docket.

There is no sealing order, so the public is curious by what secretive authority the document became sealed, upon what motion it was pleaded and by whom.

The court holds no purpose in sealing documents from the public.  The court is a public forum subject to public scrutiny as framed in the First Amendment; which appears to be a problem for MJ Buchanan.

Wherefore, the document is to be unsealed and the sealing order disclosed.

Paul A. Boyne, Pro Se

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Jennifer A. Singer (caseview.ecf@usdoj.gov,
jennifer.a.singer2@usdoj.gov, usavae.alx.ecf.sausa@usdoj.gov), Jonathan Fahey
(jonathan.fahey@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov, usavae.alx.ecf.nar@usdoj.gov),
Magistrate Judge Theresa Carroll Buchanan (judge_buchanan@vaed.uscourts.gov,
tcb_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:7467640@vaed.uscourts.gov
Subject:Activity in Case 1:17-sw-00014-TCBVAED USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA
22153 Docket Annotation
```
Content–Type: text/html

## U.S. District Court

## Eastern District of Virginia –

## Notice of Electronic Filing

The following transaction was entered on 9/25/2017 at 1:01 PM EDT and filed on 9/25/2017

| | |
|---|---|
| **Case Name:** | USA v. 8105 CREEKVIEW DRIVE SPRINGFIELD, VA 22153 |
| **Case Number:** | 1:17–sw–00014–TCB |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Magistrate Appeal will be hearing under case 1:17–CR–00219. (jlan)**

**1:17–sw–00014–TCB–1 Notice has been electronically mailed to:**

Jennifer A. Singer &nbsp &nbsp Jennifer.A.Singer2@usdoj.gov, CaseView.ECF@usdoj.gov,
usavae.alx.ecf.sausa@usdoj.gov

Jonathan Fahey &nbsp &nbsp jonathan.fahey@usdoj.gov, USAVAE.ALX.ECF.MC@usdoj.gov,
USAVAE.ALX.ECF.NAR@usdoj.gov

**1:17–sw–00014–TCB–1 Notice has been delivered by other means to:**